1  Linda S. McAleer, SBN 249233
   Law Offices of Linda S. McAleer
2  7317 El Cajon Blvd, Suite 204A
   La Mesa, CA 91942
3  T 619-516-1601 F 866-635-1485
   linda@lindamcaleer.com
4
   Attorney for Plaintiff
5

6

7

8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA

10 BRANDI PASSANTE,

11              Plaintiff,              Case No.:  **SACV12-01866 JVS (ANx)**

12      vs.                            PLAINTIFF'S COMPLAINT FOR:

13 HUNTER MOORE and JOHN DOES 1-25,  (1)  LANHAM ACT 15 USC 1125(a)
                                           FALSE DESIGNATION OF ORIGIN;
14              Defendants.           (2)  LANHAM ACT 15 USC 1125©
                                           DILUTION BY TARNISHMENT;
15                                    (3)  RIGHT TO PRIVACY/RIGHT TO
                                           CONTROL PUBLICITY AND
16                                         LIKENESS AKA COMMON LAW
                                           CLAIM FOR COMMERCIAL
17                                         MISAPPROPRIATION;
                                      (4)  DEFAMATION *per se;*
18                                    (5)  INVATION OF PRIVACY;
                                      (6)  COMMERCIAL DISPARAGMENT;
19                                    (7)  CONSUMER FRAUD;
                                      (8)  FALSE LIGHT;
20                                    (9)  INJUNCTIVE RELIEF
21                                         JURY DEMAND
22
23      Comes now, Plaintiff Brandi Passante ("Passante"), and files this Complaint against
24 Defendant Hunter Moore ("Moore") hereby seeking relief for, among other things, Lanham Act

PLAINTIFF'S COMPLAINT AND JURY DEMAND          -1-

1   violations under 15 USC 1125(a) and (c), right to privacy/right to control publicity and likeness

2   aka common law claim for commercial misappropriation, defamation *per se*, invasion of privacy,

3   disparagement, consumer fraud, and false light. Plaintiff alleges on personal knowledge as to all

4   facts known to her, and on information and belief as to all other facts, as follows:

5                                                    **PARTIES**

6       1.    Plaintiff Passante is a celebrity known for her appearance on A&E Network's

7   *Storage Wars*. Her name and likeness are used to promote the show and A&E pays her for that

8   privilege.

9       2.    On information and belief, Defendant Moore is an individual who maintains a

10  residence in Woodland, California, and also has an address publicly listed in San Francisco,

11  California. Moore is the former operator of <isanyoneup.com> ("IAU"). After being banished by

12  Facebook for activities deemed to be in violation of Facebook's content policies, and after

13  selling the IAU domain, Moore began posting at is-anyone-up.tumblr.com. ("Tumblr").

14      3.    Moore is active on many online social media services, including Tumblr and Twitter.

15  On Twitter, Moore manages the accounts "@huntermoore," found at

16  <twitter.com/huntermoore>, and "@is_anyone_up," found at <twitter.com/is_anyone_up>.

17      4.    John Does 1-25 are individual and corporate entities who, on information and belief,

18  worked at the direction and supervision of one or more of the Defendants herein and are

19  additional responsible parties for the Federal and California claims made in this Complaint.  The

20  identities of John Does 1-25 are known only by defendants at this time; such identities shall be

21  obtained during discovery.  At the appropriate time, this Complaint may be amended and/or

22  supplemented to identify the John Doe defendants, and serve process upon them, as provided in

23  Federal Rules of Civil Procedure.

24

**JURISDICTION AND VENUE**

5.    Subject matter jurisdiction in this Lanham Act case is proper under 28 U.S.C. §§ 1331 and 1338(a).   The State common law claims arise out of the same conduct that is the subject of the Lanham Act allegations and are therefore properly included herein as pendant claims.

6.    Venue is proper under 28 U.S.C. §1391 because Moore knew his statements at issue in this suit were directed at Passante and into Orange County and he has significant and extensive business contacts within Orange County.

7.    The Court has personal jurisdiction over Defendant. Defendant resides in this district and/or conducts and solicits business in this district. A substantial part of the events giving rise to Plaintiff's claims occurred in this district, including acts violating the Lanham Act.   The Court, therefore, has personal jurisdiction over each Defendant.

**CONDITIONS PRECEDENT**

8.    All conditions precedent have been performed or have occurred.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

*Plaintiff is a Celebrity.*

9.    Passante is a regular on the A&E Network's show *Storage Wars*. As a result of her participation in the show, she has achieved notoriety and become a worldwide celebrity.

10.  Passante's name and likeness are used in promotion of the show, on marketing materials and on promotional items, such as mugs, t-shirts, hats, etc., available through A&E's distribution channels. Consequently Passante has commercial interests in her identity and she makes an effort to protect those interests.

*Plaintiff Discovers Defamatory and Offensive Web Content.*

11.   On October 14, 2012 Passante began to receive unsolicited posts on her Twitter account stating "Can't wait to see more of the video," "Love the pics," and similar references to images posted at <is-anyone-up.tumblr.com>. At that time, she did not know what videos or images the posts were referring to. See Hunter Moore Tweet attached as Exhibit A.

12.   Passante looked at the referenced website and was horrified, hurt and ashamed to see images of someone portraying her in a pornographic video and associated images.

13.   Passante never made any such video, has never had any contact with Mr. Moore and did not send him sexual images; Moore fabricated the video for the purpose of trading on Passante's fame and celebrity to draw traffic to his site.

14.   After learning of these posts, and the subsequent re-posting of the full video on one or more separate websites, Passante has experienced anxiety, loss of sleep and physical illness as a direct and proximate result of Moore's conduct.  Passante knows that such false exposure will eventually reach her children, their friends and their friends' families.

*Defendant Willfully Posted Defamatory Content to Exploit Plaintiff's Celebrity.*

15.   Moore is on record for actively defying the Lanham Act and other individuals' publicity rights, stating "I'm not a virgin to cease and desists—I get about a million a day... I don't give a fuck. I'm never going to stop" and brags that he replies to such demand letters "with a picture of [his] dick." See Gawker online article attached as Exhibit B.

16.   On or about October 14, 2012, Moore posted the images attached hereto as Exhibit C of a female whom he falsely represents is "brandie from storage wars fingering herself for me" [sic].

1      17.  Below the images in Exhibit C, Moore asks if anyone wants the video, thereby

2  trading on Passante's celebrity, willfully offering to disseminate the videos and photos to third

3  parties, and disseminating defamatory content to those who requested same.

4      18.  On or about October 16, 2012 Moore posted, or caused to be posted, the video at

5  fleshbot.com, a site known for hosting porn and other such filth.

6      19.  If viewers click the "play" icon to view the video, a virus immediately begins to

7  download and would infect users' computers not protected by sophisticated anti-virus software.

8      20.  Moore uses Passante's name and likeness to lure others to his websites in an attempt

9  to grow his infamy, profiting from appearances, marketing and advertising on his website and to

10  disseminate the virus contained in the fleshbot.com posting.

11     21.  Moore profits from these activities by accepting bookings for appearances and

12  selling "Hunter Moore" merchandise such as hats, t-shirts, and accessories featuring his name,

13  slogans, and various images associated with his websites.

14     22.  Moore also uses the Tumblr website to promote and sell his music both through

15  postings and links to his band website where his recordings can be purchased.

16     23.  Moore states on the Tumblr site that he will be posting the video at

17  <Huntermoore.tv>.

18     24.  Moore posted the video knowing that the images were not of Passante and did so

19  maliciously, and with reckless disregard to Passante's reputation, privacy, and well-being.  He

20  did so with the false and fraudulent intent to mislead the public into believing he was somehow

21  affiliated with Passante.

22     25.  If the damaging content is not immediately removed Passante will suffer irreparable

23  injury both personally and professionally.

24

PLAINTIFF'S COMPLAINT AND JURY DEMAND                    -5-

**COUNT ONE:**
**(Against All Defendants)**
**Violation of the Lanham Act – 15 U.S.C. § 1125(a).**
**False Designation of Origin**

26.  Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

27.  Moore used Passante's name and likeness in commerce in connection with two images and a salacious video.

28.  Moore falsely claims the video originated with Passante and was created for him.

29.  Moore's statements were made with malice, are false, fraudulent and misleading, intended to deceive the public into believing that Passante participated in, condoned, and/or authorized the publication of the video and/or is in some way affiliated with Moore, thereby driving web traffic and increased notoriety to Moore's illicit website.

30.  The video disseminated by Moore not only contains images that disparage Passante, but also contains a virus that is released when viewers attempt to watch the video.

31.  Passante has suffered emotional, physical and psychological damage, including damage to her personal and professional reputation.

32.  As a direct and proximate result of Moore's actions, Passante has suffered damages that are incalculable.

**COUNT TWO:**
**(Against All Defendants)**
**Violation of the Lanham Act – 15 U.S.C. § 1125(c).**
**Dilution Through Tarnishment**

33.  Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

1    34. Passante is a famous celebrity and thusly has a protectable right to publicity.

2  Furthermore, her image is widely recognized in association with the *Storage Wars* brand.

3    35. Four years after Passante achieved fame on *Storage Wars*, and as a direct

4  consequence of her celebrity, Moore posted pornographic images (Exhibit C) and a pornographic

5  video, attributing them to Passante.

6    36. The pornographic nature of the images and associated video tarnish Passante's

7  reputation, celebrity and brand by their very nature, as they allege she has taken part in immoral,

8  lascivious acts.

9    37. Moore's use of Passante's name and likeness are commercial use as they are

10  intended to misdirect traffic to his many websites to further his infamy and lead to sales of his

11  merchandise and music, which can be purchased through links on the websites where the images

12  appear.

13    38. As a result of Moore's tarnishment to her image, Plaintiff is entitled to equitable

14  relief in the form of injunctive relief.

15  <b>COUNT THREE</b>
<b>(Against All Defendants)</b>

16  <b>Right To Privacy/Right To Control Publicity And Likeness Aka Common Law Claim For</b>
<b>Commercial Misappropriation</b>

17

18    39. Plaintiff re-alleges and incorporates by reference all of the factual allegations set

19  forth above.

20    40. By posting the still images contained in Exhibit C and claiming the female appearing

21  in those images was Passante, Moore used Passante's identity without permission.

22    41. By making available for dissemination and ultimately posting the pornographic

23  video allegedly featuring Passante, Moore used Passante's identity without permission.

24

42. Moore used the appropriation of Passante's name and likeness to his commercial advantage, by misdirecting traffic to his many websites furthering his infamy and with intent to increase sales of his merchandise and music, which can be purchased through links on the websites where the images appear.

43. Passante is not the person in the video and never gave consent to the use of her name or likeness.

44. As a result of Moore's misappropriation Passante has suffered injury both personally and professionally; her damages are incalculable.

**COUNT FOUR:**
**(Against All Defendants)**
**Defamation** *per se*

45. Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

46. Moore intentionally posted the illicit still images and pornographic video stating as "fact" that they featured Passante knowing that the statements were false, and that Passante was not in fact the female appearing in the video and images.

47. By publishing false and libelous statements associated with the images and video, Defendant has defamed Plaintiff in direct violation of California law.

48. Moore's statements are false and do not constitute qualified communications that are privileged under California law.

49. Due to the pornographic nature of the video and images, Moore's statements have a natural tendency to injure and cause special damage.

50. Because Moore's videos and images allege salacious, sexual acts constituting moral turpitude, they are per se defamatory.

1   51. As a direct and proximate result of Moore's actions, Passante has suffered

2   incalculable damages and irreparable harm.

3   **COUNT FIVE:**
    **(Against All Defendants)**

4   **Invasion of Privacy**

5   52. Plaintiff re-alleges and incorporates by reference all of the factual allegations set

6   forth above.

7   53. By posting a pornographic video and still images falsely attributed to Passante,

8   Moore has intruded upon the most private area of one's life – sexual congress and behavior. The

9   acts portrayed in the video, falsely represented to be Passante, are inherently of a private nature

10  which Passante herself would not have created or shared publicly.

11  54. Pornography by its very nature is highly offensive to a reasonable person.

12  55. As a direct and proximate result of Moore's actions, Passante has suffered

13  incalculable damages and irreparable harm.

14  **COUNT SIX:**
    **(Against All Defendants)**

15  **Disparagement**

16  56. Plaintiff re-alleges and incorporates by reference all of the factual allegations set

17  forth above.

18  57. By posting a pornographic video and images falsely attributed to Passante, Moore

19  intentionally disparaged of the quality of Passante's right to publicity.

20  58. Moore's actions have resulted in pecuniary loss to Passante, including but not

21  limited to legal fees.

22  59. As a direct and proximate result of Moore's actions, Passante has suffered

23  incalculable damages and irreparable harm.

24

**COUNT SEVEN:**
**(Against All Defendants)**
**Consumer Fraud**

60. Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

61. Moore misrepresented a material fact consisting of the false representation that the female appearing in the images and video posted on his websites was in fact Passante.

62. Moore knew that his claims were false.

63. Moore's false statements are intended to deceive the public into believing that Passante participated in, condoned, and/or authorized the publication of the video or is in some way affiliated with Moore, thereby bringing web traffic and increased notoriety to Moore's illicit web site.

64. Followers of Moore justifiably rely on the misrepresentation; the viewers accept the representation as made and are led to believe that they are seeing images of a well-known celebrity.

65. The false claims result in damage because of the spread of the computer virus which downloads when individuals lured to the website click on the play icon.

66. As a direct and proximate result of Moore's actions, Passante has suffered incalculable damages and irreparable harm.

**COUNT EIGHT:**
**(Against All Defendants)**
**False Light**

67. Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

68. By posting a pornographic video and images falsely attributed to Passante, Moore placed Passante before the public in a false light.

69.  The pornographic images are highly offensive to a reasonable person.

70.  In so doing, Moore acted with actual malice, gross negligence, and reckless disregard as to the falsity of the publicized matter and the false light in which it portrayed Passante.

71.  As a direct and proximate result of Moore's actions, Passante has suffered incalculable damages and irreparable harm.

**COUNT NINE:**
**Against all Defendants**
**Injunctive Relief**

72.  Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

73.  Moore's wrongful conduct described above, unless and until enjoined and restrained by order of this Court, will continue to cause great and irreparable injury to Passante in that such conduct, among other things, may result in permanent damage to her reputation and jeopardize her standing and goodwill with her existing and future producers, directors and broadcasting networks.

74.  Plaintiff has no adequate remedy at law for many of the injuries that are threatened in that it will be impossible for Plaintiff to determine the precise amount of damages she will suffer if said conduct is not restrained.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

75.  Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

76.  Moore's false statements are intended to deceive the public into believing that Passante participated in, condoned, and/or authorized the publication of the video or is in some

1  way affiliated with Moore, thereby bringing web traffic and increased notoriety to Moore's illicit

2  web site.

3      77.  Passante is likely to succeed on the merits.

4      78.  Passante faces imminent harm as Moore has a long history of posting illegal,

5  immoral content, and a blatant, widely publicized refusal to remove that content, even in the face

6  of cease and desist letters, take down demands, and lawsuits. Because it is electronic media, if

7  Moore is forced to shut down one website, he will in all likelihood subsequently establish more

8  new websites. By issuing an order requiring him to remove the content currently online, and

9  enjoining him from further publication of the video and images, any new publication will

10  constitute contempt of court.

11      79.  Moore's actions will continue to cause great and irreparable injury to Passante in

12  that such conduct, among other things, may result in permanent damage to her reputation and

13  jeopardize her standing and goodwill with her existing and future producers, directors and

14  broadcasting networks.

15      80.  The harm to Passante in particular due to the damage to her reputation, and to the

16  public in general as a consequence of the computer virus, far outweighs any harm that may result

17  to Moore, if the TRO issues. If the TRO does not issue Passante will be irreparably harmed

18  because she cannot be made whole through monetary damages.

19      81.  The public interest weighs in favor of Passante.

20      82.  Passante seeks the following relief in a temporary restraining order:

21          a.  An order requiring immediate removal of the images and video from all

22              websites under the control of Moore.

23          b.  An order enjoining all publication, advertising, marketing, displaying and

24              otherwise disseminating of the images, video, and the associated virus.

c.   Plaintiff further requests that the Court order  impoundment of all of

Moore's computers, servers and other electronic storage devices that contain

copies of the images and videos, where such impoundment is enforced by the

United States Marshal's offices and the materials stored in a secure location.

Plaintiff is ready and able to provide and pay for a secure location for the

impoundment of these materials.  Impoundment is a remedy specifically

provided in copyright infringement actions and should be extended to cover

cases where the conduct involves publication of images that infringe a celebrity's

right of publicity.

### APPLICATION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS

83.   For the reasons provided above and incorporated herein by reference, a preliminary injunction is necessary because Moore has a long history of posting illegal, immoral content, and a blatant, widely publicized refusal to remove the content, even in the face of cease and desist letters, take down demands, and law suits.

84.   In fact, Moore's infamy is premised on his revenge posts.

85.   Moore has historically created new websites and re-posted illegal content after being compelled to remove damaging content. To wit, after being banished from Facebook Moore simply began posting on Tumblr and continues to attempt to create new, uniquely named Facebook pages.

86.   Moore's penchant for posting revenge images and videos necessitates an injunction preventing Moore from posting these or similar images and videos again in the future and also preventing him from making false claims involving Passante.

87.   The virus that immediately downloads upon clicking play on the video poses a real threat to the public which can only be prevented by enjoining access to the content.

88.   In addition to a preliminary injunction, Plaintiff further requests that the Court order impoundment of all of Moore's computers, servers and other electronic storage devices that contain copies of the images and videos, where such impoundment is enforced by the United States Marshall's offices and the materials stored in a secure location.  Plaintiff is ready and able to provide and pay for a secure location for the impoundment of these materials.  Impoundment is a remedy specifically provided in copyright infringement actions and should be extended to cover cases where the conduct involves publication of images that infringe a celebrity's right of publicity.

### JURY DEMAND

89.   Plaintiff demands trial by jury for all claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants as follows:

1.   A judgment for Lanham Act violations, violation of the Right To Privacy/Right To Control Publicity And Likeness Aka Common Law Claim For Commercial Misappropriation, Defamation Per Se, Invasion of Privacy, Disparagement, Consumer Fraud, False Light, and injunctive relief, and impoundment of all defamatory materials and destruction thereof;

2.   A judgment for all damages available to Plaintiff under Federal statutes, California statutes and the common law;

3.   A judgment awarding reasonable attorneys' fees and taxable costs for those claims qualifying for such awards under Federal and California law;

4.   A judgment impounding and destroying all of Moore's computers, servers and other

electronic storage devices that contain copies of the images and videos, where such impoundment is enforced by the United States Marshal's offices and the materials stored in a secure location or otherwise destroyed.  Plaintiff is ready and able to provide and pay for a secure location for the impoundment and/or destruction of these materials.

5. A judgment for punitive, exemplary and/or enhanced damages to the extent such damages are permitted under Federal and California law; and

6. All such other relief that this Court deems fair and just and otherwise available under Federal and California law.

Dated:  October _____, 2012                    Respectfully submitted,


_____

*Linda S. McAleer*
*Attorney for Plaintiff, Brandi Passante*

**EXHIBITS**

**TABLE OF CONTENTS**

| EXHIBIT NO. | DESCRIPTION | PAGE NO. |
|:---:|:---|:---:|
| A | Hunter Moore Tweet | 18 |
| B | Gawker online article quoting Moore | 19 |
| C | Images taken from the offending video | 22 |

# EXHIBIT A



**Profile**   Tweets



**Hunter Moore** @Huntermoore
putting the brandi video on
huntermoore.tv you can see my
fappin tho hope thats chill



**Hunter Moore** @Huntermoore
finally dropped the EP w/
@thefoolishways this week. free
download. all anal take over



**Hunter Moore** @Huntermoore
anyone want the video of brandie
from storage wars fingering herself
for me > is-anyone-
up.tumblr.com/post/335927513...



**Hunter Moore** @Huntermoore
miss you @NinaBaneeena
yfrog.com/oeeebcpj



**Sawyer Fulks** @Sawyer...

Exhibit A     -18-

# EXHIBIT B

10/18/12                                    Fac... ...k Declares War On Sleazy Revenge Porn Site

SIGN IN

TOP STORIES                                                        THURSDAY, OCT 18, 2012



## Facebook Declares War On Sleazy Revenge Porn Site

BY ADRIAN CHEN              DEC 8, 2011 7:04 PM



Share              Like    201

Facebook is trying to shut down
IsAnyoneUp.com, a sleazy porn site built
around posting the Facebook profiles of its
often-unwilling subjects. But the site's owner
says he's not going anywhere.

Is Anyone Up (NSFW) has capitalized on a
new genre of amateur erotica: Stalker porn.
It features user-submitted nude cell phone
pics, along with screenshots of the subjects'
real Facebook profile. Many of Is Anyone
Up's models are being exposed on the site
without their consent, their private sexts
submitted by vengeful exes.

Unsurprisingly, Is Anyone Up has now
landed in Facebook's crosshairs. On Tuesday,
Facebook's lawyers sent Moore a three-page
Cease & Desist letter (PDF), demanding he
remove all Facebook content. "Your actions
are illegal and must be stopped
immediately," the letter, from Joseph P.
Cutler of the law firm Perkins Coie, states.
(Cutler confirmed he sent the letter on behalf
of Facebook, but wouldn't comment beyond
that.)

"Facebook will take whatever measure it
believes are necessary to enforce its rights,
maintain the quality of the site, and protect
its users," Cutler writes. Good luck with that.

"I replied with a picture of my dick," Hunter
Moore, Is Anyone Up's 25-year-old founder
and owner told us in a phone interview. "I'm
not a virgin to cease and desists—I get about a million a day. I think [Facebook] is under



Like      214,871 people like this.

TOMORROW'S NEWS


RO        S              2,221
**Which Romney Son Is Creepiest?**


          S              1,144
Ben Stein Tells Incredulous *Fox &
Friends* Hosts Taxes Are Too
Damn Low


          O    O         1,361
Earning Money For Ruining Your
Friend's Things, When Summer
Love Turns to Autumn Scorn,
And Other Questionable Advice


PP    W              2,108
Mega Millions Jackpot Winner:
My Girlfriend Just Dumped Me,
'Thank God'


D        S              22,246
'Too Small for Women': Amazon
Flooded With Hilarious Reviews
of Binders in Wake of Debate


SO  W   O              5,123
Doing Gay Porn
Doesn't Make Reese Rideout Gay,
But It Does Make His Wife Look
Miserable


O              787
In Most Internet Story Ever, Boy
with Down Syndrome Kept Warm
by Puppies After Getting Lost in
Woods


          81
Doctors Shocked by Size of Sex
Toy Stuck Inside Man's Intestines
for Days


R              932
What Should We Re-Name Uma
Thurman's Baby?


O  2012              5,501
Website Counting Down to
'October Surprise' Has the
Internet Guessing [UPDATE x 2]


R              2,543
Billy Graham Bought a Whole

Exhibit B                          -19-

10/18/12      Fa k Declares War On Sleazy Revenge Porn Site



pressure from users to do something about me... I don't give a fuck. I'm never going to stop."

Facebook says Moore is violating some little-known policies prohibiting the publishing of Facebook profiles without their owners' written consent, and "threatening, harassing or intimidating" Facebook users. The letter demands that Moore remove all Facebook profiles and leave their users alone. Facebook has disabled Moore's personal account to keep him from using the social network as his personal porn recruiting ground, and he says they somehow instantly squash the new ones he creates to check the accuracy of submissions, even though he uses fake names and hides his IP address.

The letter comes after a spate of national publicity which included local Fox News reports and Moore's appearance on Anderson Cooper's daytime talk show, where he was confronted by people whose lives have been screwed up by his site. Moore says Is Anyone Up's traffic is now around 230,000 unique visitors a day, up from 160,000 at the time we wrote our first post about him last month.

As vile as Moore's site can be—one regular feature called "Daily Gnargoyle" makes fun of ugly submissions—it's hard to see how what Moore is doing is illegal, at least as Facebook frames it. (Kashmir Hill of Forbes has outlined the complicated legalities of Is Anyone Up.) We'd rather have Moore ruining unscrupulous sexters' lives than give Facebook's impenetrable terms-of-service the weight of law.

Then there's Mark Zuckerberg's own history of sketchily repurposing other people's pictures. In 2003, he infamously launched Facemash while still a student at Harvard. The site let users vote on female students' attractiveness, without their consent.

Zuckerberg and Moore may soon have more in common than getting rich off violating everyone else's privacy. Moore says he's launching his own social network in January, which sounds like it's going to be an advanced version of the location-based dating app Grindr, but not just for gays.

"It's going to change the game, I guess," Moore said. "It's going to bring social networking back." Right, because Moore is definitely someone you should trust with your personal information.

Page in the *Wall Street Journal* to Tell You What He Thinks About Gays and Women


D S    1,091
Disney Declares Its Newest Princess Is Latina, Just So We Can All Fight About Whether Or Not She 'Looks Latina'


R SS R    1,024
Always Bet on Me: Mitt Romney's Order to the Bosses of Wage Slaves


F S    684
The Hagfish Strikes Again


O S O SOF    373
Boy Scouts of America's 'Perversion Files' Released


R W R    1,544
This Daring Baby Elephant Rescue Will Make You Weep Like a Baby Human


SS W R    2,436
Fancy Liberal Brooklyn Is Full of Hypocrites


S S    15,933
Substitute Teacher Fired After Former Student Boasts About Affair Online, Posts Nude Photos to Prove It


RO    4,567
Tagg Romney Wanted to Punch Obama During Tuesday's Debate


W F    2,467
Meet the Woman Who Breastfeeds Her Dog Because She Can


R DD    7,436
Why the Violentacrez Story Isn't About Free Speech


SS O S    188
Boston Mayor Doesn't Want Free Vibrators Distributed, Apparently Hates Female Self-Tickling


S O W O    494
*American Horror Story: Asylum* Is Less Batshit Insane Than Its Predecessor

D    449
This Guy's Scalp Looks Like the Surface of a Brain

S R    2,052
Who Is This Nude Woman Posing for Subway Riders in the Vienna Underground? [NSFW]

*Contact Adrian Chen:*     EMAIL THE AUTHOR    COMMENT    FACEBOOK    TWITTER

D S SS O S             FEATURED    ALL

Exhibit B          -20-

10/18/12                        Fa    ok Declares War On Sleazy Revenge Porn Site

Discussion now closed.

 Old People Now Living in Sin Also

 I am a_genius_I mean...                        08 Dec 2011 7:20 PM

I have a sneaky feeling Mr. Moore will feature in many more gawker posts to come...

promoted by Kern_Cerned

 Kern_Cerned @I am a_genius_I mean...

I'm surprised it took so long. I've been really curious to see what the Gawker community thinks of all this.

 milkythighs @Kern_Cerned

I think his haircut is played out. Even Biz freaking Stone is rocking the sides-combed-forward and front-gelled-up look.

promoted by Kern_Cerned

 Kern_Cerned @milkythighs

I didn't even know that the emo/scene look was still around until I started checking the site out.



Which Romney Son Is Creepiest?



Silence Noisy Neighbors by Transmitting Your Music to Their Speakers



Deadspin NBA Shit List: Anthony Carter, The Quiet Sinkhole Of Despair



Six Reviewers Are Shaken, Not Stirred, By *007 Legends*



How Going From Straight-Size to Plus-Size Modeling Changed One Model's Career



You won't believe who the new *American Horror Story* monsters are!



Why Nissan Built Realistic Inflatable Versions Of Its Most Popular Cars



iPod Nano Review: The Best MP3 Player Ever, For Whatever That's Worth

About   Help   Jobs   Legal   Privacy   Permissions   Advertising   Subscribe   Send a tip

Exhibit B                        — 21—

EXHIBIT C





Merch
My Music
Twitter
Submit
ASK
Random
Archive



anyone want the vídeo of trigrew from storage vids fingering herself for me?

source: **twitter.com**

Exhibit C

http://is-anyone-up.tumblr.com/

—22—

THEME By MAX DAVIS

10/23/2012

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Brandi Passante | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) |
| Hunter Moore, and Does 1-25 | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.  SACV12-01866JVS (ANx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Hunter Moore
627 Matmor
Woodland, CA 95776

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Linda McAleer, Esq.
Law Offices of Linda S. McAleer
7317 El Cajon Blvd. Ste. 204A
La Mesa, CA 91942

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

LORI WAGERS

Date:  10-29-12

Signature of Clerk or Deputy Clerk

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  SACV12-01866JVS (ANx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____        _____
                                                            *Server's signature*

                                           _____
                                                            *Printed name and title*

                                           _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BRANDI PASSANTE | HUNTER MOORE and JOHN DOES 1-25, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Law Offices of Linda S. McAleer<br>7317 El Cajon Blvd, Suite 204A, La Mesa CA 91942<br>(619)516-1601 | UNKNOWN |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
LANHAM ACT 15 USC 1125(a) FALSE DESIGNATION OF ORIGIN, DILUTION BY TARNISHMENT;RIGHT TO PRIVACY/RIGHT TO CONTROL PUBLICITY

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **SACV12-01866 JVS (ANx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Yolo County |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 10/26/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1866 JVS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.