Law Offices of Linda S. McAleer
7317 El Cajon Blvd, Suite 204A
La Mesa, CA 91942
T 619-516-1601 F 866-635-1485
Linda@lindamcaleer.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDI PASSANTE,<br><br>    Plaintiff,<br><br>  vs.<br><br>HUNTER MOORE and JOHN DOES 1-25,<br><br>    Defendants. | Case No.: SACV12-01866-JVS (ANx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S PRELIMINARY INJUNCTION** |

Before the Court is an Order to Show Cause re: Preliminary Injunction filed by Plaintiff Brandi Passante ("Plaintiff" or "Passante"). (Doc. 5.) No response from Defendant having been received and having considered the papers and heard oral argument, the Court GRANTS Plaintiff's Preliminary Injunction.

///

///

## I. INTRODUCTION

Plaintiff Brandi Passante ("Passante" or "Plaintiff") became a celebrity after appearing in the A&E reality show *Storage Wars* beginning in 2010. Defendant Hunter Moore's ("Moore" or "Defendant") success is predicated on his "celebrity porn" and/or "revenge porn" websites. On or about October 14, 2012 Passante learned that Moore had "Tweeted" images of someone portraying her in a pornographic video. Within twenty-four hours Plaintiff learned that the images were also posted on Moore's Tumblr account and ultimately the full video was posted on fleshbot.com. The video contains a "trojan horse" computer virus that begins to download when the "play" icon is selected.

After Defendant failed to respond to cease and desist letters, Plaintiff filed this case On October 25, 2012. Plaintiff asserts claims for false designation of origin and dilution by tarnishment in violation of the Lanham Act, 15 U.S.C. §§ 1125(a), (c) ("Lanham Act claims"), violation of California Civil Code §3344, violation of the right to privacy/right to control publicity and likeness aka common law claim for commercial misappropriation, defamation *per se*, invasion of privacy, disparagement, consumer fraud, and false light. Pursuant to Fed. Civ. P. 65, Local Rules 65-1 and 7-19, and concurrent with this complaint, Plaintiff filed her Ex Parte Application for Temporary Restraining Order; Order To Show Cause Re: Preliminary Injunction, And Order of Impoundment; Memorandum of Points and Authorities in Support on October 26, 2012. Defendant did not respond to the Order to Show Cause or appear at the hearings scheduled on November 9, 2012 and November 16, 2012.

## II. LEGAL STANDARD

To obtain a preliminary injunction in the Ninth Circuit Plaintiff must show (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in favor of issuing an injunction; and (4) that an

1   injunction is in the public interest. *State of Alaska v. Native Village of Venetie*, 856 F.2d 1384,

2   1389 (9th Cir. 1988); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374

3   (2008). A preliminary injunction is intended to preserve the status quo and prevent irreparable

4   loss of rights before judgment. *See, e.g.,Textile Unlimited, Inc. v. A. BMH & Co.*, 240 F.3d 781,

5   786 (9th Cir. 2001); *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th

6   Cir. 1984). Because there is no adequate remedy at law, injunctive relief is the "remedy of

7   choice" in trademark cases. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th

8   Cir. Cal. 1988).

9       **III. DISCUSSION**

10          **a. Likelihood of Success on the Merits of Her Claims.**

11          Plaintiff has established a likelihood of success on her Lanham Act claims.

12   Defendant's use of Passante's name and likeness in commerce in connection with a salacious

13   video and associated images, and his false and misleading claims that the video originated with

14   Passante were intended to deceive the public into believing that Passante was in some way

15   affiliated with Moore, thereby driving web traffic to his illicit website. The video disseminated

16   by Moore not only contains images that disparage Passante, but also contains a virus that poses a

17   threat to viewers who attempt to watch it. Passante has suffered emotional, physical and

18   psychological damage, including damage to her personal and professional reputation.

19          Moreover, Passante is a famous celebrity and thusly has a protectable right to publicity.

20   More than two years after Passante achieved her fame, Moore posted pornographic images and a

21   pornographic video, attributing them to Passante. The pornographic nature of the images and

22   associated video tarnish Passante's reputation, celebrity and brand by their very nature, as they

23   allege she has taken part in immoral, lascivious acts. Moore's use of Passante's name and

24   likeness are commercial use as they are intended to misdirect traffic to his many websites to

1    further his infamy and lead to sales of his merchandise and music, which can be purchased

2    through links on the websites where the images appear. As a direct and proximate result of

3    Moore's violations of the Lanham Act, Passante has suffered damages that are incalculable.

4          Plaintiff has established that Moore has defrauded consumers by misrepresenting a

5    material fact consisting of the false representation that the female appearing in the images and

6    video posted on his websites is in fact Passante. Moore knew that his claims were false. Moore's

7    false statements are intended to deceive the public into believing that Passante participated in,

8    condoned, and/or authorized the publication of the video or is in some way affiliated with

9    Moore, thereby bringing web traffic and increased notoriety to Moore's illicit web site.

10   Followers of Moore justifiably rely on the misrepresentation as they accept the representation as

11   made and are led to believe that they are seeing images of a well-known celebrity. The false

12   claims result in damage because of the spread of the computer virus which downloads when

13   individuals lured to the website click on the play icon. As a direct and proximate result of

14   Moore's actions, Passante has suffered incalculable damages and irreparable harm.

15        **b.  Absent Injunctive Relief Plaintiff Will Suffer Irreparable Injury**

16         Defendant damages Plaintiff's professional reputation by attributing lack of chastity and

17   immoral acts to Plaintiff when he falsely claims the woman in the pornographic video is in fact,

18   Plaintiff. Damage to one's professional reputation constitutes irreparable injury as one cannot be

19   made whole by financial recompense. Passante faces imminent harm as Moore has a long history

20   of posting illegal, immoral content, and a blatant, widely publicized refusal to remove that

21   content, even in the face of cease and desist letters, take down demands, and lawsuits.

22        **c.  The Balance of Hardships Strongly Favors Plaintiff**

23         After balancing the interests of all parties and weighing the damage to each, Passante has

24   demonstrated that she will suffer greater hardship in the absence of a temporary restraining order

than Moore will by having to comply with one. Moore's actions will continue to cause great and irreparable injury to Passante in that such conduct, among other things, may result in permanent damage to her reputation and jeopardize her standing and goodwill with her existing and future producers, directors and broadcasting networks. The harm to Passante in particular, due to the damage to her reputation, and to the public in general, as a consequence of the computer virus, far outweighs any harm that may result to Moore.

### d. The Public Interest Strongly Favors Granting Plaintiff Injunctive Relief

If the Preliminary Injunction does not issue Passante will be irreparably harmed because she cannot be made whole through monetary damages. Moreover, by allowing the video to remain online the public is at risk for the associated computer virus. Defendant Moore's behavior is an ongoing threat not only to Plaintiff who has no association with Defendant, but also to innocent individuals whose only mistake is to trust the wrong sexual partner or risk sexual congress with Moore himself whereupon they may find their intimate moments published online for the world to view. For those who rely on Moore's salacious posts the risk of a computer virus is very real and ongoing. Consequently, the public interest weighs in favor of injunctive relief.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Preliminary Injunction.

///

///

///

IT IS HEREBY ORDERED that Defendant Moore and his representatives and any other persons or entities in privity or acting in concert or participation with Moore, immediately remove any and all content of the Video from all websites under the control of Moore and be immediately temporarily restrained from:

1.   Posting, publishing, advertising, marketing, displaying and otherwise disseminating any and all content of the Video and the associated virus.

2.   Providing links from any website to any other website posting, publishing, advertising, marketing, displaying and otherwise disseminating any and all content of the Video and the associated virus.

3.   Assisting, facilitating or encouraging others to engage in the conduct set forth above in Nos. 1-2.

IT IS FURTHER ORDERED that Moore, his representatives, and any and all other persons acting in concert or participation with Moore, with notice of this Order, shall preserve, and not destroy, erase, delete, dispose of, or alter any documents or records, in whatever format, including electronic documents, computer files, computer discs and drives, that relate to, reflect, record, or contain any information regarding the origin, promotion, marketing, advertising, purchase, sale, offer to sell, payment, storage, and/or distribution of any and all content of the Video, or any communications with any party concerning the origin, promotion, marketing, advertising, purchase, sale, offer to sell, payment, storage, and/or distribution of any and all content of the Video.

IT IS FURTHER ORDERED that Moore, his representatives, and any and all other persons acting in concert or participation with Moore, with notice of this Order, shall retrieve any copies of any and all content of the Video or any information relating thereto which Moore has previously delivered or communicated to any third parties.

**SANCTIONS**

The Court ORDERS that, to the extent that the Defendant does not comply with the terms of the Preliminary Injunction, the Defendant shall pay sanctions as follows: $250.00 per day after the initial seven (7) days that the Preliminary Injunction is in effect; $500.00 per day from day eight (8) to and including day fourteen (14); $1,000.00 per day for every day after day fourteen (14).

IT IS SO ORDERED.

DATED: _____          _____
                                        JAMES V. SELNA
                                        UNITED STATES DISTRICT JUDGE