Linda S. McAleer, SBN 249233
Law Offices of Linda S. McAleer
7317 El Cajon Blvd, Suite 204A
La Mesa, CA 91942
T 619-516-1601 F 866-635-1485
linda@lindamcaleer.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDI PASSANTE | |
| Plaintiffs, | Case No.: <u>SACV12-01866JVS (ANx)</u> |
| vs. | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CIVIL CONTEMPT SANCTIONS** |
| HUNTER MOORE, AN INDIVIDUAL, AND DOES 1-25, | |
| Defendants. | Judge: Hon. James V. Selna<br>Date: January 8, 2012<br>Time: 1:15 pm<br>Courtroom: 10C |

Comes now Plaintiff and submits her Memorandum of Points and Authorities in Support of the Order to Show Cause Re Civil Contempt Sanctions.

1

<u>T<small>ABLE OF</small> A<small>UTHORITIES</small></u>

2

**Cases**

3

*Guru Denim, Inc. v. L.A. Idol Fashion, Inc.*, 2012 U.S. Dist. LEXIS 10363 ............................... 5

*Honor Plastic Industrial Co. Ltd. v. Lollicup Usa, Inc.,* 466 F. Supp. 2d 1217, 2006 U.S. Dist.

    LEXIS 92527 .................................................................................................................... 4, 5

*In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 95 (9th Cir. 1993).. 2

*O'M and Associates v. Ozanne,* 2011 U.S. Dist. LEXIS 58401 ..................................... 3

4

5

6

7

8

**Statutes**

9

18 U.S.C. §401.................................................................................................................. 2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

2

3

# <u>T<span>ABLE OF</span> C<span>ONTENTS</span></u>

4

Table of Authorities ........................................................................................................... ii

5

Memorandum of Points and Authorities ............................................................................ 1

6

I. Introduction ...................................................................................................................... 1

7

II. Facts ................................................................................................................................ 1

8

III. Argument ....................................................................................................................... 2

9

    A.  Defendant is in Contempt of the Court's Orders ......................................................... 2

10

        i.    The Images Remain Posted on Sites Under Defendant's Control ............................ 3

11

        ii.   The Video Remained Online in Violation of the Orders ........................................ 3

12

    B.  Defendant Should Pay Plaintiff's Costs for Enforcing the Court's Orders .................... 4

13

IV. Conclusion ..................................................................................................................... 5

14

15

16

17

18

19

20

21

22

23

24

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On October 26, 2012 this Court issued a Temporary Restraining Order requiring Defendant to remove a video purporting to contain the Plaintiff in the act of self-stimulation. This Court than issued a Preliminary Injunction for same on November 26, 2012 ("the Orders"). As the video images originally posted on October 14, 2016 are still online, Defendant has failed to comply with the Orders. Plaintiff will show through clear and convincing evidence that Defendant is in violation of the Orders, beyond substantial compliance, and no good faith and reasonable interpretation of the Orders allows for such violation.

## II.    FACTS

On or about October 14, 2012, Defendant posted screen-shot images from a video of a female whom he falsely represented as "brandie from storage wars fingering herself for me" [sic] (the "Images"). He then offered to provide the video to anyone who requested it (the "Video"). Defendant also tagged Plaintiff's Twitter account bringing the Images and Video to her attention for the first time. The Video was subsequently posted on fleshbot.com. Defendant uses the web sites where the Images are posted to advertise his band, merchandise, DJ services, and to promote his forthcoming revenge porn site huntermore.tv. Plaintiff filed her complaint and application for a Temporary Restraining Order on October 26, 2012.

The Court entered a Temporary Restraining Order on October 26, 2012 and issued an Order to Show Cause Why A Preliminary Injunction Should Not Issue hearing to be held on November 9, 2012. Defendant did not respond or appear and the hearing was continued to November 16, 2012. Defendant's only response to notice of the continued hearing was to send Plaintiff's counsel an email with a picture of him naked and aroused attached. Defendant subsequently posted the email correspondence and picture on his various web sites. Defendant

did not remove the Images or Video at that time, and in fact continued to tag Plaintiff on Twitter and post comments about the Video on his Twitter account.

Defendant did not appear at the November 16, 2012 OSC hearing and following the hearing, on November 20, 2012, the Court entered a Preliminary Injunction ordering Defendant to immediately "remove any and all content of the Video from all websites under the control of Moore." The Court further restrained Defendant and his representatives from posting, publishing, advertising, marketing, displaying and otherwise disseminating any and all content of the Video and the associated virus; providing links from any website to any other website posting, publishing, advertising, marketing, displaying and otherwise disseminating any and all content of the Video and the associated virus; and from assisting, facilitating or encouraging others to engage in the conduct set forth above. Plaintiff's counsel served Defendant with the Preliminary Injunction Order on November 21, 2012. Defendant did not immediately remove the Images or Video or respond at all to Plaintiff or this Court. Consequently Defendant is in violation of the Orders and Plaintiff respectfully requests that the Court find Defendant in Contempt of Court.

## III.    ARGUMENT

**A.    Defendant is in Contempt of the Court's Orders**

The Court has the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority… for disobedience or resistance to its lawful writ, process, order, rule, decree, or command. 18 U.S.C. §401. A finding of contempt requires the movant to show the restrained party (1) violated the Court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence. *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 95 (9th Cir. 1993)

1   Civil contempt consists of a party's disobedience to a specific and definite court order by failure

2   to take all reasonable steps within the party's power to comply. *O'M and Associates v. Ozanne,*

3   2011 U.S. Dist. LEXIS 58401, 8.

4       **i.   The Images Remain Posted on Sites Under Defendant's Control**

5        To date the Images remain posted and viewable on Defendant's is-anyone-

6   up.tumblr.com and twitter.yfrog.com sites. True and correct copies of the websites are attached

7   hereto as Exhibit A. The Images may remain on his twitter.com site as well, but Twitter's history

8   restrictions prevent viewing older posts based on internal guidelines. The Preliminary Injunction

9   Order states Defendant and his representatives must "immediately remove *any and all content of*

10  *the Video* from all websites under the control of Moore."

11      Images are content of the Video. Defendant has failed to remove the images from all

12  websites under his control in violation of the Preliminary Injunction Order. He has not

13  substantially complied as the Images remain exactly as they were posted and Defendant has not

14  taken reasonable steps within his power to comply. In fact he hasn't taken any steps to comply at

15  all. There is no reasonable interpretation of "remove any and all content of the Video" which

16  would result in allowing the Images to remain online. The fact that the Images can still be

17  viewed on Defendant's websites provides clear and convincing evidence of Defendant's

18  contempt of court.

19      **ii.   The Video Remained Online in Violation of the Orders**

20      The Video remained online and viewable on fleshbot.com until at least November 28,

21  2012. The TRO clearly required immediate removal as of October 26, 2012 and the Court

22  reiterated this Order in its Preliminary Injunction dated November 20, 2012. Consequently

23  Defendant did not "immediately remove any and all content of the Video" as required by the

24  Court. While the Video was ultimately removed there was no reasonable interpretation of the

1    Orders that would result in leaving the video posted for thirty-three days after the TRO issued.

2    Courts have found contempt during the period of non-compliance despite defendant's ultimate

3    compliance with the TRO. *Honor Plastic Industrial Co. Ltd. v. Lollicup Usa, Inc.,* 466 F. Supp.

4    2d 1217, 2006 U.S. Dist. LEXIS 92527. In *Honor* defendant was ordered to remove plaintiff's

5    trademarked image from his promotional materials. Defendant removed the image from future

6    printings of the materials but did not dispose of old promotional materials and continued to make

7    them available to the public for some time after the TRO and preliminary injunction was issued.

8    The Court stated, "[t]he continued advertisement of goods bearing the Plain Mark for weeks after

9    the TRO went into effect constitutes a clear violation of that order." *Id.* At *23, **13. Similarly

10   here, the fact that the Video was still online and viewable until November 28, 2012, a full month

11   after the TRO issued and eight days after the preliminary injunction was ordered, constitutes a

12   clear violation of the Orders, and is clear and convincing evidence of Defendant's contempt. A

13   true and correct print out of the Video posted on fleshbot.com dated November 20, 2012 is

14   attached hereto as Exhibit B. Therefore, Defendant remained in contempt of court as to the

15   Video at least until November 28, 2012.

16          Moreover, Plaintiff has every reason to believe that Defendant has no intention of

17   complying or addressing this matter at all. Not only has he failed to respond in any meaningful

18   way to the lawsuit or the Court's orders, and failed to remove the Images, but he has also

19   commented on his website that he doesn't give a "fuck" if Plaintiff is suing him. A true and

20   correct copy of the post is attached as Exhibit C. For the foregoing reasons Plaintiff respectfully

21   requests the Court find the Defendant in contempt and sanction him accordingly.

22   **B.     Should Pay Plaintiff's Costs for Enforcing the Court's Orders**

23          This Court issued a temporary restraining order and a preliminary injunction ordering

24   Defendant to remove the Images and the Video from websites under his control. Defendant has

1  failed to comply with those Orders. Because of Defendant's non-compliance, Plaintiff has

2  incurred additional costs and Attorney's fees in an attempt to enforce the Orders. Courts

3  routinely award attorney's fees as punishment for the contemnor's non-compliance. *See Honor* at

4  21 *and Guru Denim, Inc. v. L.A. Idol Fashion, Inc.*, 2012 U.S. Dist. LEXIS 10363. But for

5  Defendant's willful failure to comply, Plaintiff would not have incurred the fees associated with

6  this memorandum, obtaining the related Order to Show Cause, or the previous status report and

7  compliance hearing. Therefore, Plaintiff respectfully requests the Court award reasonable

8  attorney's fees associated with enforcing the Orders.

9  ## IV.    CONCLUSION

10  Based on the foregoing, Plaintiff respectfully requests that this Court grant her Motion

11  and find Defendant in civil contempt of the October 16, 2012 Temporary Restraining Order and

12  the November 20, 2012 Preliminary Injunction, and sanction Defendant. Plaintiff also requests

13  the Court grant an award of reasonable attorney's fees and costs associated with the bringing of

14  this motion and impose such other sanctions and relief as may be deemed just and equitable.

Respectfully Submitted,

Dated: December 20, 2012

Linda S. McAleer
Attorney for Plaintiff

# EXHIBIT A









# EXHIBIT B

 Fleshbot | Pure Filth

Search...

<u>SEX TAPES</u>October 15, 2012 | <u>3 Comments</u>

## Is This The Brandi Passante Masturbation Tape?



Rumor has it that the busty beauty from A&E's "Storage Wars" made a hot masturbation video. Is that what we're looking at here? Because we're watching a video with a deliciously curvy cutie touching herself in all the right ways, and we can't quite tell if it's the one and only Brandi Passante. What do you think?

The nose has a similar shape to it, especially around the nostrils, and it looks like they have the same chin, but we simply can't tell. Now would be the time for someone who watches a ton of "Storage Wars" to pipe up and do a comparison between the blankets seen on the bed in this tape (actually, only a small portion of the full tape) and the blankets shown on A&E some many episodes ago. Let us know what you think!

Tags: <u>Brandi Passante</u>, <u>Celebrity</u>, <u>closeups</u>, <u>dubious</u>, <u>Masturbation</u>, <u>pussy</u>, <u>Reality TV</u>, <u>Rumors</u>, <u>Sex Tapes</u>, <u>storage wars</u>, <u>Video</u>



# EXHIBIT C

 **sister-misery** asked:
One of my bucket list entries is to have you do coke off my tits then have hot, rough, untamed, sex with you. Weird and far fetched? I. THINK. NOT. Well, probably...but yeahhh



 **fromyourdesperatefriend** asked:
when you were a little kid was this what you wanted to do when you grew up?

*NO BUT I KNEW ID BE AN ENTERTAINER*

Merch
My Music
Twitter
Submit
ASK
Random
Archive

 **junkadelic** asked:
Are you getting sued by brandi passante?

*I DUNNO PROBABLY. ITS HARD TO TELL WHEN NO FUCKS ARE GIVIN*

 **sunshine-nd-rain** asked:
Will you let me blow coke off your dick then fuck me till the world ends?

*YEAH IM DOWN*

THEME *by* MAX DAVIS