1   Linda S. McAleer, SBN 249233
    Law Offices of Linda S. McAleer
2   7317 El Cajon Blvd, Suite 204A
    La Mesa, CA 91942
3   T 619-516-1601 F 866-635-1485
    linda@lindamcaleer.com
4
    Attorney for Plaintiff
5

6

7

8
                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA

10  BRANDI PASSANTE,

11              Plaintiff,                    Case No.: SACV12-01866JVS (ANx)

12      vs.                                   **PLAINTIFF'S NOTICE AND MOTION
                                              FOR DEFAULT JUDGEMENT;**
13  HUNTER MOORE and JOHN DOES 1-25,          **DECLARATIONS AND EXHIBITS IN
                                              SUPPORT**
14              Defendants.

15

16          COMES NOW, Plaintiff Brandi Passante ("Passante" or "Plaintiff") and hereby moves

17  this Court for Default Judgment against Defendant, Hunter Moore ("Moore" or "Defendant") for

18  all claims alleged in the original complaint, including: Lanham Act 15 USC 1125(a): False

19  Designation of Origin; Lanham Act 15 USC 1125(c): Dilution by Tarnishment; Right to

20  Privacy/Right to Control Publicity and Likeness (Common Law Claim for Commercial

21  Misappropriation); Defamation *per se;* Invasion of Privacy; Commercial Disparagement; and

22  Consumer Fraud. Further, Plaintiff seeks entry of a permanent injunction prohibiting Defendant

23  from further infringement of Plaintiffs' rights.

24

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT          -i-

1    Plaintiff, hereby, seeks judgment and damages under 15 USC §§ 1125 (a), (c) and 1117

2  in the total amount of $1,250,000 in actual damages and $1,250,000 in exemplary damages;

3  $5,250 statutory damages under Cal. Civ. Code § 3344; and attorney's fees and costs in an

4  amount to be proven up pursuant to application filed with the Court, in addition to any additional

5  relief this Court deems fair and just.

6    By this Notice of Motion and Motion for Default Judgment, the Memorandum of Points

7  and Authorities attached thereto, and the Declaration of Linda S. McAleer and exhibits attached,

8  Plaintiffs request that a default judgment be entered based on the following points:

9    1.  Defendant is not an infant or incompetent or in the military service or otherwise

10        exempted under and Federal or state law.

11    2.  Defendant has failed to appear in this action.

12    3.  This Notice and Motion for Default Judgment, and all supporting documents, with

13        true and correct copies, is being served on Defendant on May 7, 2013, by placing true

14        and correct copies thereof in sealed envelopes addressed to Defendant where he has

15        previously been served, and via email.

16    4.  Plaintiff elects damages under 15 USC §§ 1125 (a), (c) and 1117 in the total amount

17        of $1,250,000 in actual damages and $1,250,000 in exemplary damages; $5,250

18        statutory damages under Cal. Civ. Code § 3344; and attorney's fees and costs in an

19        amount to be proven up pursuant to application filed with the Court.

20    5.  Plaintiff is entitled to default judgment based on violation of all causes of action

21        alleged in the original complaint dated October 26, 2012.

22    6.  This Motion is based on this Notice of Motion, Motion for Entry of Default Judgment

23        and accompanying Memorandum of Points and Authorities, the Declarations and

24

1     exhibits attached thereto, the pleadings, records and papers on file, and such other

2     matters and evidence that may be presented.

3

4     Respectfully Submitted,

5

6     Dated: May 7, 2013

                                   Linda S. McAleer
                                     Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**TABLE OF AUTHORITIES**

**Cases**

*Barnes-Hind, Inc. v. Superior Court*, 181 Cal. App. 3d 377 ........................................7, 15

*Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ................................................4

*Eitel v. McCool*, 782 F2d 1470 (9th Cir. 1986) .................................................. 4, 10-12

*Geddes v. United Financial Group*, 559 F.2d 557................................................................4

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ............................................17

*Johnson v. Harcourt, Brace, Jovanovich, Inc.*, 43 Cal. App. 3d 880 ..............................7

*Mulane v. Central Hanover Trust Co.*, 339 U.S. 304 (19500 ......................................12

*Nichols v. Great American Insurance Companies*, 169 Cal. App. 3d 766 ......................9

*Polygram Records, Inc. v. Superior Court*, 170 Cal. App. 3d 543 ................................9

*Slivinsky v. Watkins-Johnson Co.*, 221 Cal. App. 3d 799 ............................................7

*Smith v. Maldonado*, 72 Cal. App. 4th 637 ..............................................................7-8

*TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915 (9th Cir. 1987)..........................11

*US v. Rivera*, 2003 WL 22429482 ................................................................................4

**Statutes and Rules**

15 USC § 1117(a) .................................................................. ii, 1, 6, 10, 13-16

15 USC § 1125(a) ............................................... i, ii, 1, 3, 5, 10, 13-15

15 USC § 1125(c) ............................................... i, ii, 1, 3, 6, 10, 13-15

28 USC § 1961(a) .........................................................................................17

Fed. R. Civ. P. Rule 8(a)(2) ......................................................................... 4

Fed. R. Civ. P. Rule 8(b)(6) ................................................................... 4, 11

Fed. R. Civ. P. Rule 54(c) ..............................................................................13

Fed. R. Civ. P. Rule 55 ................................................................................... 4

Fed. R. Civ. P. Rule 55(a) ..................................................................... 4, 12-13

Cal. Civ. Code §45a ........................................................................................7

Cal. Civ. Code §3344.......................................................... ii, 1, 6-7, 10, 15-17

1

## TABLE OF CONTENTS

2

3

Table of Authorities ................................................................................................................. iii

4

Memorandum of Points and Authorities ............................................................................... 1

5

I. Introduction And Statement of Facts ................................................................................. 1

6

   A.  Plaintiff Brandi Passante ............................................................................................ 2

7

   B. Defendant's Infringing Activity ................................................................................... 2

8

   C. This Action ..................................................................................................................... 3

9

II. Argument ............................................................................................................................... 4

10

   A. Default Judgment is Properly Entered Against Defendant ................................... 4

11

     1.  Plaintiff's Complaint is Meritorious and Sufficiently Charges Defendant on All
       Claims Alleged .......................................................................................................... 4

12

13

       a. Violation of the Lanham Act 15 USC 1125 (a) ...................................................... 5

14

       b. Violation of the Lanham Act 15 USC 1125 (c) ...................................................... 6

15

       c. Violation of California Civil Code § 3344 ............................................................... 6

16

       d. Defamation ................................................................................................................ 7

17

       e. Invasion of Privacy .................................................................................................. 8

18

       f. Disparagement .......................................................................................................... 9

19

       g. Consumer Fraud ....................................................................................................... 9

     2. All Other *Eitel* Factors Have Been Met ................................................................ 10

20

       a. Amount at Stake ..................................................................................................... 10

21

       b. Possibility of Prejudice ......................................................................................... 11

22

       c. Possibility of Dispute ............................................................................................ 11

23

       d. Possibility of Excusable Neglect .......................................................................... 11

24

e. Policy for Deciding on the Merits .................................................................12

B.  Plaintiff Has Met the Procedural Requirements for Entry of a Default Judgment .........13

C.  Plaintiff is Entitled to a Permanent Injunction..............................................................13

D.  Plaintiff is Enititled to Damages in the Amount of $2,500,000 Based on Defendant's Willful Infringement of Plaintiff's Trademark and Individual Rights.............................13

E.  Plaintiff is Entitled to Statutory Damages Under Cal. Civ. Code § 3344......................15

F.  Plaintiff is Entitled to Damages for Defamation *per se* ...................................................15

G.  Plaintiff is Entitled to Reasonable Attorney's Fees Under Federal and State Law ........16

H.  Plaintiff is Entitled to Interest on the Judgment.............................................................17

III. Conclusion .........................................................................................................................17

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND STATEMENT OF FACTS**

Defendant, Hunter Moore ("Defendant" or "Moore"), was involved in actively defying the Lanham Act and other individual publicity rights against Plaintiff Brandi Passante ("Plaintiff" or "Passante"). Defendant posted the images attached hereto as Exhibit 1 of a female whom he falsely represented as "brandie from storage wars fingering herself for me" [sic]. Defendant traded on Ms. Passante's celebrity status by willfully offering to disseminate the video and photos to third parties and disseminating defamatory content to those that requested the same. Defendant posted the video knowing the images were not of Passante and did so with malice and reckless disregard to Ms. Passante's reputation, privacy, and well-being. This activity was done with the false and fraudulent intent to mislead the public into believing he was, in some way, affiliated with Ms. Passante. Defendant has publicly admitted defying the Lanham Act and other individual publicity rights, stating "I'm not a virgin to cease and desists – I get about a million a day…I don't give a fuck. I'm never going to stop."

Moreover, in flagrant disregard for the procedures of this Court, the Defendant has not properly appeared in response to valid and effective service of process upon him. Defendant's defaults have deprived Ms. Passante of the ability to prove a specific amount of actual damages. Accordingly, Plaintiff relies on statutory damage provisions, requesting an amount within the "willful" range, having met the basis for the heightened measure of statutory damages for the Defendant's willful infringements.

Plaintiff seeks judgment and damages under 15 USC §§ 1125 (a), (c) and 1117 in the total amount of $1,250,000 in actual damages and $1,250,000 in exemplary damages; $5,250 statutory damages under Cal. Civ. Code § 3344; and attorney's fees and costs in an amount to be proven up pursuant to application filed with the Court. Further, Plaintiff seeks entry of a

1  permanent injunction prohibiting Defendant and his representatives from further infringing

2  Plaintiff's rights.

3      A. **Plaintiff Brandi Passante**

4         Ms. Passante is a regular on the A&E Network's show, *Storage Wars* and has achieved

5  notoriety and worldwide celebrity status as a result. *Complaint (Compl.)* at ¶ 9. Her name and

6  likeness are used frequently in the promotion of the show through merchandise that is available

7  through A&E's distribution channels. *Id.* at ¶ 10. On or around, October 14, 2012, Ms. Passante

8  was inundated with unsolicited posts on her Twitter account stating "Can't wait to see the video"

9  and "Love the pics" among other references to the video and pictures disseminated by the

10  Defendant. *Id.* at ¶ 11. Ms. Passante has commercial interests in her identity and maintains an

11  interest in protecting those interests. *Id.*

12      B. **Defendant's Infringing Activities**

13         On or around October 14, 2012, Defendant posted images attached hereto as Exhibit 1 of

14  a female whom he falsely represented is "brandie from storage wars fingering herself for me"

15  [sic]. *Compl.* at ¶ 16. Defendant traded on Ms. Passante's celebrity status by willfully offering to

16  disseminate the videos and photos to third parties and disseminating defamatory content to those

17  that requested the same. *Id.* at ¶ 17. On or around October 16, 2012 Defendant posted a video at

18  fleshbot.com, a site known for pornography and other such filth. *Id.* at ¶ 18. Further, the video on

19  said site infected users with a virus upon downloading. *Id.* at ¶ 19

20         Defendant profits from the activities on the website by accepting bookings for

21  appearances and selling "Hunter Moore" merchandise associate with his website. *Id.* at ¶¶ 20-22.

22  Defendant posted the video knowing the images were not of Passante and did so with malice and

23  reckless disregard to Ms. Passante's reputation, privacy, and well-being. *Id.* at ¶ 24. This activity

24  was done with the false and fraudulent intent to mislead the public in believing he was, in some

1 | way, affiliated with Ms. Passante. *Id.* at ¶ 24. The same or similar posting has been disseminated

2 | to multiple sites by the Defendant. *Id.* at ¶14.

3 |     The Defendant's willful action has caused Ms. Passante to suffer anxiety, loss of sleep,

4 | and physical illness as a direct and proximate result as well as incalculable damage to her

5 | personal and professional reputation. *See Id.* at ¶¶ 14, 31, 44, 51, 55, 59, 66, and 71.

6 |     **C. This Action**

7 |     Plaintiff filed this action on or about October 26, 2012. Plaintiff's complaint alleges

8 | violations of Lanham Act 15 USC 1125(a); False Designation of Origin; Lanham Act 15 USC

9 | 1125(c): Dilution by Tarnishment; Right to Privacy/Right to Control Publicity and Likeness

10 | (Common Law Claim for Commercial Misappropriation); Defamation *per se;* Invasion of

11 | Privacy; Commercial Disparagement; and Consumer Fraud. Plaintiff further requests a

12 | permanent injunction for all activities associated with her name and likeness through any media

13 | by the Defendant.

14 |     Plaintiff served Defendant in person according to the rules of California in Philadelphia

15 | Pennsylvania on November 2nd 2012 at 11:20 pm. Docket No. 10. Service of all subsequent

16 | documents has been accomplished by email addressed to Defendant's known email addresses

17 | with this Court's permission and a hard copy sent via United State Postal Service mail to

18 | Defendant's known physical address.  Defendant's answer was due on November 23, 2012. No

19 | answer has been filed with the court to date.

20 |     A temporary restraining order requiring Defendant to remove the illicit content from any

21 | and all websites under his control was issued on October 26, 2012. A Show Cause Hearing

22 | regarding Preliminary Injunction was held and concluded on November 16, 2012, and an order

23 | granting the preliminary injunction was entered on November 20, 2012 as Docket No. 17. When

24 | Defendant failed to comply with the Preliminary Injunction, Plaintiff filed an Application for an

1   Order to Show Cause regarding Civil Contempt. Defendant was found in Contempt pursuant to

2   an Order entered on January 9, 2013 as Docket No. 25. Entry of Default was filed as Docket No.

3   32 on February 14, 2013.

## II.    ARGUMENT

### A. Default Judgment is Properly Entered Against Defendant

6       Plaintiff is entitled to a Default Judgment pursuant to FRCP 55, "[w]here a party fails to

7   plead or otherwise defend against a complaint, after entry of default, default judgment may be

8   entered against him."   , 2003 WL 22429482, at *5 (C.D. Cal. July 18, 2003); FRCP 55(a). In

9   *Eitel v. McCool*, 782 F2d 1470 (9th Cir. 1986), the Ninth Circuit outlined the following factors to

10  determine whether to grant default judgment: 1) the substantive merits of the plaintiff's

11  complaint; 2) the complaint's sufficiency;  3) the amount of money at stake; 4) the possibility of

12  prejudice to the plaintiff if relief is denied; 5) the possibility of dispute as to any material facts;

13  6) whether default resulted from excusable neglect; and 7) the policy of the Federal Rules

14  favoring decisions on the merits. *Id.* at 1470-72. Each of the aforementioned elements weighs in

15  favor of granting Plaintiff's Motion for Default Judgment.

16  #### 1. Plaintiff's Complaint is Meritorious and Sufficiently Charges Defendant On All
        Claims Alleged

18      The first two *Eitel* factors involving the substantive merits and sufficiency of the

19  complaint require that the Plaintiff's allegations state a claim upon which relief may be granted.

    Fed. R. Civ. P. 8(a)(2); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Upon a default

20  by the Defendant, all factual allegations of the Plaintiff's Complaint, other than those relating to

21  an amount for damages, are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Geddes v. United*

22  *Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977). Here, Plaintiff's Complaint pleads facts

1  sufficient, as a matter of law, to establish that Defendant is liable for each of the causes of action

2  alleged.

3      **a.**   **Violation of the Lanham Act 15 USC 1125 (a)**

4      Passante's claim for false designation of origin arises under Section 43(a) of the Lanham

5  Act, 15 U.S.C. § 1125(a), which provides in part:

6          Any person who, on or in connection with any goods or services ... uses in
           commerce any word, term, name, … or any false designation of origin,
7          false or misleading description of fact, or false or misleading
           representation of fact, which

8
           (A) is likely to cause confusion, or to cause mistake, or to deceive as to the
9          affiliation, connection, or association of such person with another person,
           or as to the origin, sponsorship, or approval of his or her goods, services,
10         or commercial activities by another person….

11         shall be liable in a civil action by any such person who believes that he or
           she is or is likely to be damaged by such act.

12 15 USC § 1125(a)

13

14     Moore used Passante's name and likeness in commerce in connection with two images

   and a salacious video. Moore falsely claimed the video originated with Passante and was created
15
   for him. Moore's statements were made with malice, are false, fraudulent and misleading,
16
   intended to deceive the public into believing that Passante participated in, condoned, and/or
17
   authorized the publication of the video and/or are in some way affiliated with Moore, thereby
18
   driving web traffic and increased notoriety to Moore's illicit website. The video disseminated by
19
   Moore not only contained images that disparage Passante, but also contained a virus that was
20
   released when viewers attempted to watch the video. Moore's actions falsely used Passante's
21
   name and likeness in violation for the Lanham Act 15 USC 1125 (a). As a direct and proximate
22
   result of Moore's actions, Passante has suffered emotional, physical and psychological damage,
23

24

1  including damage to her personal and professional reputation. Additionally, under 15 USC 1117

2  (a) Plaintiff is entitled to attorney's fees.

3  **b.  Violation of the Lanham Act 15 USC 1125 (c)**

4  Passante, as a celebrity with a right to publicity, is entitled to injunctive relief under the

5  Lanham act if she can show another person who, at any time after her mark became famous,

6  commences use of a trade name in commerce that is likely to cause dilution by tarnishment of

7  the famous mark, regardless of the presence or absence of actual or likely confusion, of

8  competition, or of actual economic injury. 15 U.S.C. § 1125(c)

9  Passante is a famous celebrity and thusly has a protectable right to publicity. Passante

10 Decl.¶2. Furthermore, her image is widely recognized in association with the *Storage Wars*

11 brand. Passante Decl. ¶3. Four years after Passante achieved fame on *Storage Wars,* and as a

12 direct consequence of her celebrity, Moore posted pornographic images and a pornographic

13 video, attributing them to Passante. Passante Decl. ¶6. The pornographic nature of the images

14 and associated video tarnish Passante's reputation, celebrity and brand by their very nature, as

15 they allege she has taken part in immoral, lascivious acts. Moore's use of Passante's name and

16 likeness caused actual confusion as evidenced by the posts and comments sent directly to

17 Passante via social media. Passante Decl. ¶6. Moore's use of Passante's name and likeness are

18 commercial use as they are intended to misdirect traffic to his many websites to further his

19 infamy and lead to sales of his merchandise and music, which can be purchased through links on

20 the websites where the images appear. As a result of Moore's tarnishment to her image in direct

21 violation of 15 USC 1125 (c), Plaintiff is entitled to equitable relief and a permanent injunction.

22 **c.  Violation of California Civil Code § 3344**

23 Plaintiff elects to pursue her claim of Commercial Misappropriation of Likeness under

24 California Civil Code § 3344.  A person may be liable for commercial misappropriation if he

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT          -6-

1  "knowingly uses another's name, voice, signature, photograph or likeness in any manner, on or

2  in products, merchandise, or goods or for purposes of advertising or selling, or soliciting

3  purchases of products, merchandise, goods or services, without such person's prior consent."

4  CAL. CIV. CODE §3344(a). *Slivinsky v. Watkins-Johnson Co.,* 221 Cal. App. 3d 799, 807, (1990);

5  *Johnson v. Harcourt, Brace, Jovanovich, Inc.*, 43 Cal. App. 3d 880, 895, (1974).

6       Defendant Moore knowingly used Plaintiff's name and likeness when he falsely

7  attributed pornographic video and associated images to Plaintiff. Not only did the video contain a

8  female with a resemblance to Passante, but Defendant claimed the woman was in fact Passante

9  by posting "brandie from storage wars fingering herself for me" [sic], in association with the

10  images. Moore's use of Passante's name and likeness were commercial use as they were

11  intended to, and did, misdirect traffic to his many websites to lead to sales of his merchandise

12  and music, which can be purchased through links on the websites where the images appear.

13  Passante had never heard of or met Defendant Moore, nor did she participate in the video or give

14  consent to Moore for the use of her name or likeness. Moore's actions are the direct and

15  proximate cause of Passante's damages.

16     **d.  Defamation**

17       California Civ. Code § 45a sets forth the elements of defamation *per se*: "A libel which is

18  defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement,

19  innuendo or other extrinsic fact, is said to be a libel on its face." When plaintiff can prove libel

20  *per se*, damage to reputation is presumed, so that the plaintiff need not introduce evidence of

21  actual damages to recover compensatory, or, in appropriate cases, punitive damages. *Barnes-*

22  *Hind, Inc. v. Superior Court*, 181 Cal. App. 3d 377, 382. In all cases of alleged defamation,

23  whether libel or slander, "the truth of the offensive statements or communication is a complete

24  defense against civil liability, regardless of bad faith or malicious purpose." *Smith v. Maldonado*,

1 | 72 Cal. App. 4th 637. The burden rests with the defendant to "justify" or show the truth of the
2 | statements. *Id.*

3 |       Moore intentionally posted the illicit still images and pornographic video stating as "fact"
4 | that they featured Passante knowing that the statements were false, and that Passante was not in
5 | fact the female appearing in the video and images. By publishing false and libelous statements
6 | associated with the images and video, Defendant has defamed Plaintiff in direct violation of
7 | California law. Moore's statements are false and do not constitute qualified communications that
8 | are privileged under California law.  Due to the pornographic nature of the video it constitutes
9 | moral turpitude, and is *per se* defamatory. Moore's statements have a natural tendency to injure
10 | and cause special damage. Because Defendant has raised no defense and has not met his burden
11 | to establish the truth of his statements, and the images are not of Passante, Plaintiff has
12 | established defamation *per se.* As a direct and proximate result of Moore's actions, Passante has
13 | suffered damages and irreparable harm.

14 |     e.  **Invasion of Privacy**

15 |       To prevail in a claim for Invasion of Privacy, Plaintiff must show a public statement that
16 | places Plaintiff in a false light in the public eye. Such statement must be an inaccurate depiction
17 | and offensive to a reasonable person. Due to her celebrity Plaintiff must show Defendant acted
18 | with reckless disregard of the falsity of his statements.

19 |       Here, Defendant very publicly falsely alleged that a pornographic video involved
20 | Plaintiff, thereby painting her in a false light. By posting a pornographic video and still images
21 | falsely attributed to Passante, Defendant intruded upon the most private area of one's life –
22 | sexual congress and behavior. The acts portrayed in the video, falsely represented to be Passante,
23 | are inherently of a private nature which Passante herself would not have created or shared
24 | publicly. Pornography by its very nature is highly offensive to a reasonable person. Defendant

1    knew the female in the video was not Ms. Passante when he posted the video and images and

2    claimed they in fact her. Defendant made the claim knowing it to be false, with blatant and

3    reckless disregard for the falsity of his statements. As a direct and proximate result of Moore's

4    actions, Passante has suffered incalculable damages and irreparable harm.

5        **f.   Disparagement**

6        Disparagement occurs through the publication of a statement that disparaged the quality

7    of the plaintiff's product or image; the offending statement was couched as fact; the statement

8    was false and was made with malice; and the statement resulted in monetary loss., which causes

9    the plaintiff actual pecuniary damage. *Polygram Records, Inc. v. Superior Court*, 170 Cal. App.

10   3d 543, 548; *Nichols v. Great American Insurance Companies*, 169 Cal. App. 3d 766, 773

11       By posting a pornographic video and images falsely attributed to Passante, Moore

12   intentionally disparaged of the quality of Passante's right to publicity. Moore's statements that

13   the woman in the video and images were of Plaintiff were presented as fact although Defendant

14   knew them to be false at the time he posted the comments and images. Moore knowingly and

15   with malice made the false allegation of fact that woman in the video was Plaintiff and persisted

16   in his claims even after being served cease and desist letters, a temporary restraining order, and a

17   preliminary injunction. Moore's malice did not cease until he was found in contempt by this

18   Court. Moore's actions have resulted in pecuniary loss to Passante, including but not limited to

19   legal fees. As a direct and proximate result of Moore's actions, Passante has suffered

20   incalculable damages and irreparable harm.

21       **g.   Consumer Fraud**

22       To prevail in a claim for consumer fraud Plaintiff must show Defendant made a

23   misrepresentation of a material fact with knowledge of the falsity intended deceive the

24

1    consuming public and to induce reliance where such reliance is justifiably reasonable and such

2    fraud results in damages.

3         Moore misrepresented a material fact consisting of the false representation that the

4    female appearing in the images and video posted on his websites was in fact Plaintiff. Moore

5    knew that his claims were false. Moore's false statements were intended to deceive the public

6    into believing that Passante participated in, condoned, and/or authorized the publication of the

7    video or was in some way affiliated with Moore, thereby bringing web traffic and increased

8    notoriety to Moore's illicit web site. Followers of Moore justifiably relied on the

9    misrepresentation; the viewers accepted the representation as made and were led to believe that

10   they were seeing images of a well-known celebrity. Actual confusion and belief that Plaintiff

11   was the woman in the video resulted, and brought those seeking Ms. Passante to Mr. Moore's

12   websites. The false claims resulted in damage because of the spread of the computer virus which

13   downloaded when individuals lured to the website clicked on the play icon. As a direct and

14   proximate result of Moore's actions, Passante has suffered incalculable damages and irreparable

15   harm.

16      **2.**   **All Other *Eitel* Factors Have Been Met**

17        **a.**   **Amount at Stake:**

18        The third *Eitel* factor requires the Court to consider the amount of money at stake. *Eitel*,

19   782 F.2d at 1471-1472. In the Complaint, Plaintiff prays for injunctive relief and damages.

20   *Compl.* at ¶¶ 32, 38, 44, 49, 55, 59, 66, 71, and 74; Prayer. By this Motion, Plaintiff seeks a

21   permanent injunction against Defendant and judgment and damages under 15 USC §§ 1125 (a),

22   (c) and 1117 in the total amount of $1,250,000 in actual damages and $1,250,000 in exemplary

23   damages; $5,250 statutory damages under Cal. Civ. Code § 3344; and attorney's fees and costs

24   in an amount to be proven up pursuant to application filed with the Court., and interest on the

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT     -10-

1 │ judgment. Thus, this sum of money and injunctive relief is warranted in light of the Defendant's

2 │ willful and intentional conduct.

3 │ **b. Possibility of Prejudice**

4 │     The fourth *Eitel* factor considers whether the Plaintiff will suffer prejudice if default

5 │ judgment is not entered. *Eitel*, 782 F.2d at 1471-1472. Defendant chose to continue offering the

6 │ pornographic video of Plaintiff after receiving a cease and desist, defendant willfully refused to

7 │ remove the material, stating: "I'm not a virgin to cease and desists – I get about a million a

8 │ day…I don't give a fuck. I'm never going to stop." *Compl.* at ¶ 15. Moreover, the Court issued

9 │ an Order to Show Cause re: Civil Contempt on December 14, 2012 for his blatant refusal to

10 │ comply with the Court's preliminary injunction. Docket No. 24-25. Plaintiff will likely suffer

11 │ prejudice if default judgment is not entered as Plaintiff will effectively be without further option

12 │ of recourse against the Defendant for his unlawful actions.

13 │ **c. Possibility of Dispute**

14 │     The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to any

15 │ material facts in the case. *Eitel*, 782 F.2d at 1471-1472. Upon entry of default, all well pleaded

16 │ facts alleged in the Complaint are taken as true except those related to damages. *See TeleVideo*

17 │ *Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987); Fed. R. Civ. P. 8(b)(6). Here,

18 │ the Plaintiff's Complaint pleads with sufficient specificity to support a plausible claim. The

19 │ Plaintiff's Complaint alleges all facts necessary to establish all of her claims and a Request for

20 │ Entry of Default. As Plaintiff's factual allegations are presumed to be true, no genuine dispute

21 │ exists as to any material facts.

22 │ **d. Possibility of Excusable Neglect**

23 │     The sixth *Eitel* factor requires the Court to consider the possibility that Defendant's

24 │ defaults resulted from excusable neglect. *Eitel*, 782 F.2d at 1471-1472. Due process requires that

1   interested parties be given notice of the pendency of an action and be afforded an opportunity to

2   be heard and present objections before final judgment. *Mullane v. Central Hanover Trust Co.*,

3   339 U.S. 304, 314 (1950).

4        Here, Plaintiff served Defendant in person according to the rules of the Federal Court of

5   California, in Philadelphia, Pennsylvania on November 2nd 2012 at 11:20 pm. Docket No. 10.

6   Defendant's answer was due on November 23, 2012. No answer was filed with the court. After

7   failure to appear, and continued failure to comply with this Court's Orders, Defendant was found

8   in contempt on January 9, 2013. Unlike *Eitel*, where the defendants failure to answer was

9   considered excusable neglect because there was a misunderstanding as to a belief that the final

10   settlement concluded the case, *Eitel, 782* F.2d 1470, the Defendant in the present case has made

11   no effort to present his case before the Court. Defendant had every opportunity to respond, with

12   full knowledge of this lawsuit against him, and it was his responsibility to respond accordingly.

13   Moreover, not only did Defendant not respond, but also he responded to service of the Court's

14   Order by sending naked pictures of himself to Plaintiff's Counsel and posting the communication

15   on his website, thereby flouting his disregard for the law, this Court's proceedings, and cannot

16   claim he did not have an opportunity to respond. He simply chose to respond outside of this

17   forum in a completely inappropriate manner.

18       **e.**  **Policy for Deciding on the Merits**

19        The seventh, and final, *Eitel* factor takes into account the preference of the Federal Rules

20   for deciding a case on the merits. *Eitel,* 782 F.2d at 1472. However, this preference by itself is

21   not dispositive and the Court allows for the termination of a case before the court can reach the

22   merits and allows for a default judgment. *See Fed. R. Civ. P.* 55(a). Defendant in this case

23   willfully failed to provide this Court with an adequate response. Allowing the Defendant, who

24   egregiously failed to do such, to proceed to trial would greatly prejudice the Plaintiff. Judgment

1   against the defendant on all causes of action alleged in the Plaintiff's Complaint is proper at this

2   time.

3       **B.  <u>Plaintiff Has Met the Procedural Requirements for Entry of a Default Judgment</u>**

4         Plaintiff has complied with Fed. R. Civ. P. 54(c) and 55(a). In the pending actions,

5   Plaintiff personally served the Defendant on or about November 2nd 2012 at 11:20 pm.

6   Defendant's answer was due on November 23, 2012. No answer was filed with the court.  The

7   Court even continued the initial hearing to give Defendant additional time to obtain counsel and

8   make an appearance in this case. The Defendant is neither an infant, incompetent, in the military,

9   or otherwise exempted under and Federal or state provision. Plaintiff does not request relief that

10  differs from or exceeds that prayed for in the Plaintiff's Complaint.

11      **C.  <u>Plaintiff is Entitled to a Permanent Injunction</u>**

12        Plaintiff has alleged in the Complaint, and has presented specific facts that Defendant has

13  unlawfully disseminated material knowing that it was not the Plaintiff. Compl. at ¶¶ 16, 17, and

14  24. Having found just Cause the Court has already entered a Preliminary Injunction against the

15  Defendant. Docket No. 24 and 25. Moreover, Defendant's failure to respond or otherwise appear

16  does not mean the Defendant will permanently cease from distributing the material or similar

17  material. Unless the Defendant is enjoined from the activity, the infringements may continue

18  with the irreparable harm and damage to Plaintiff's rights.

19      **D.  <u>Plaintiff is Entitled to Damages in the Amount of $2,500,000 Based on Defendant's</u>**

20              **<u>Willful Infringement of Plaintiff's Trademark and Individual Rights.</u>**

      15 USC § 1117 provides for recovery of damages and costs when 15 USC §§ 1125 (a)

21  and (c) have been violated.  The statute states in relevant part:

22

23        (a) Profits; damages and costs; attorney fees. When a violation of any right of the
      registrant of a mark registered in the Patent and Trademark Office, a violation
      under section 43(a) or (d) [15 USCS § 1125(a) or (d)], or a willful violation under

24        section 43(c) [15 USCS § 1125(c)], shall have been established in any civil action

arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32 [15 USCS §§ 1111, 1114], and subject to the principles of equity, to recover (1) defendant's profits, (2) *any damages sustained by the plaintiff*, and (3) the costs of the action…. In assessing damages the court may enter judgment, according to the circumstances of the case, *for any sum above the amount found as actual damages*, not exceeding three times such amount…. the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.
15 USC 1117 (a) (emphasis added).

Here Defendant's actions were egregious, willful, intended to profit from dilution of Plaintiff's image, and such actions were taken with reckless disregard for the falsity of Defendant's claims. Defendant Moore violated 15 USCS § 1125(a) because he falsely claimed the video originated with Passante and was created for him. Moore's statements were intended to deceive the public into believing that Passante participated in, condoned, and/or authorized the publication of the video and/or was in some way affiliated with Moore, thereby driving web traffic and increased notoriety to Moore's illicit website. The video disseminated by Moore not only contained images that disparage Passante, but also contained a virus that was released when viewers attempted to watch the video.

Defendant also violated 15 USCS § 1125(c) by posting pornographic images and a pornographic video, attributing them to Passante. The pornographic nature of the images and associated video tarnish Passante's reputation, celebrity and brand by their very nature, as they allege she has taken part in immoral, lascivious acts. Moore's use of Passante's name and likeness caused actual confusion as evidenced by the posts and comments sent directly to Passante via social media. Moore's use of Passante's name and likeness are commercial use as they are intended to misdirect traffic to his many websites and lead to sales of his merchandise and music, which can be purchased through links on the websites where the images appear. As a result of Moore's tarnishment to her image in

1    direct violation of 15 USC 1125 (c), Plaintiff is entitled to damages under 15 USC 1117

2    (a).

3         As a direct and proximate result of Defendant's actions, Plaintiff's public image

4    has been severely damaged and from a public relations standpoint the images cost more

5    than just money. Consequently, Plaintiff seeks $1,250,000 in actual damages and

6    $1,250,000 as exemplary damages.

7    **E.  Plaintiff is Entitled to Statutory Damages Under Cal. Civ. Code § 3344**

8         California Civil Code codified and complimented the common law misappropriation of

9    likeness cause of action. Section 3344 provides "in any action brought under this section, the

10    person who violated the section shall be liable to the injured party or parties in an amount equal

11    to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her

12    as a result of the unauthorized use, and any profits from the unauthorized use that are attributable

13    to the use and are not taken into account in computing the actual damages." To the extent that the

14    Court does not find actual damages, the statutory damages are not preempted by the Lanham Act

15    as statutory damages are not available under that Act. Defendant posted two infringing images

16    on at least three different sites and the video on one known site. Consequently, Plaintiff seeks

17    $750 per violation for a total of $5,250.

18    **F.  Plaintiff is Entitled to Damages Under Defamation _per se_**

19         When plaintiff can prove libel _per se_, damage to reputation is presumed, so that the plaintiff

20    need not introduce evidence of actual damages to recover compensatory, or, in appropriate cases,

21    punitive damages. _Barnes-Hind, Inc. v. Superior Court_, 181 Cal. App. 3d 377, 382, 226. When

22    plaintiff can prove libel _per se_, damage to reputation is presumed, so that the plaintiff need not

23    introduce evidence of actual damages to recover compensatory, or, in appropriate cases, punitive

24    damages. _Barnes-Hind, Inc. v. Superior Court_, 181 Cal. App. 3d 377, 382, 226. Moore

1   intentionally posted the illicit still images and pornographic video stating as "fact" that they

2   featured Passante knowing that the statements were false, and that Passante was not in fact the

3   female appearing in the video and images. By publishing false and libelous statements associated

4   with the images and video, Defendant has defamed Plaintiff in direct violation of California law.

5   In the alternative to damages under the Federal Lanham Act, Plaintiff seeks $1,250,000 as actual

6   damages for libel *per se* and compensatory damages in the amount of $1,250,000.

7       G. **Plaintiff is Entitled to Reasonable Attorney's Fees Under Federal and State Law**

8       Plaintiff is entitled to recover attorney's fees pursuant to 15 USC § 1117, which states,

9   "The court in exceptional cases may award reasonable attorney fees to the prevailing party."

10  Here, Defendant knowingly and with malice made false statements presented as fact, attributing

11  to Plaintiff lascivious acts and lewd conduct; antagonized her by posting on her social media

12  accounts and posting communications concerning this matter online. Further, Defendant willfully

13  refused to comply with a cease and desist letter, a temporary restraining order, a preliminary

14  injunction, and failed to address this matter at all, or remove the offending video and images

15  until faced with a contempt order and jail. Moreover, Plaintiff's counsel attempted to settle this

16  matter out of court for over a month and Defendant failed to make any reasonable offer in light

17  of the nature of the offense and time and expense invested in having the offending materials

18  removed. Defendant was given ample opportunity to correct his wrong and to mitigate his

19  damages. He chose not to, and instead exacerbated and compounded his infringement by leaving

20  the video and images posted in violation of Court Orders and by continuing to post comments

21  about the video and Ms. Passante personally.

22      Additionally, Cal. Civ. Code § 3344 states in relevant part, "[t]he prevailing party in any

23  action under this section shall also be entitled to attorney's fees and costs. As the prevailing party

24  in this action Plaintiff is entitled to recover attorney's fees subject to an application submitted in

1  sufficient detail for the Court to make the usual lodestar analysis. *See Hanlon v. Chrysler Corp.*,

2  150 F.3d 1011, 1029 (9th Cir. 1998).

3  **H.  Plaintiff is Entitled to Interest on the Judgment**

4  Plaintiff is entitled to post-judgment interest. "Interest shall be allowed on any money

5  judgment in a civil case recovered in a district court" 28 USC 1961(a). The post judgment

6  interest shall be calculated pursuant to the statutory rate. *Id.* Thus the Plaintiff is entitled to post-

7  judgment interest.

8  ### III.    CONCLUSION

9  For the forgoing reasons, Plaintiff respectfully requests that she be awarded permanent

10  injunctive relief enjoining Defendant from further violation of her rights. In addition, Plaintiff

11  requests Judgment in her favor in the amount of $1,250,000 in actual damages and $1,250,000 in

12  exemplary or compensatory damages; $5,250 statutory damages under Cal. Civ. Code § 3344,

13  and attorney's fees and costs subject to an application for fees, and post-judgment interest.

14

15  Respectfully Submitted,

16  Dated: May 7, 2013

17  Linda S. McAleer
    Attorney for Plaintiff

18

19

20

21

22

23

24