# EXHIBIT A

*Still Photos*



# EXHIBIT B

Declaration of Linda S. McAleer
in Support of Motion for
Entry of Default Judgment
against Defendant
Supporting Exhibits

1  Linda S. McAleer, SBN 249233
   Law Offices of Linda S. McAleer
2  7317 El Cajon Blvd, Suite 204A
   La Mesa, CA 91942
3  T: 619-516-1601 F: 866-635-1485
   Email: linda@lindamcaleer.com
4  *Attorney for Plaintiff*

5

6

7                  UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                     WESTERN DIVISION

10

11  BRANDI PASSANTE                    )   Case No.: SACV12-01866JVS(ANx)
                                       )
12              Plaintiffs,            )   **DECLARATION OF LINDA S.**
                                       )   **MCALEER IN SUPPORT OF MOTION**
13         vs.                         )   **FOR ENTRY OF DEFAULT**
                                       )   **JUDGMENT AGAINST DEFENDANT**
14  HUNTER MOORE, AN INDIVIDUAL, AND   )
                                       )   Judge: Hon. James V. Selna
15  DOES 1-25,                         )   Date: N/A
                                       )   Time: N/A
16              Defendants.            )
                                       )
17  _____

18

19

20       I, Linda Susan McAleer, hereby declare under penalty of perjury under the laws of the

21  United States of America that the following is true and correct.

22       1.     I am an attorney duly licensed to practice law before this Court. I am counsel of

23  record for Plaintiff Brandi Passante ("Plaintiff") in the action entitled *Passante v. Moore et al.*,

24  United States District Court for the Central District of California, Case No. SACV12-01866JVS

25  (ANx).

26

27       2.     I submit this declaration in support of Plaintiff's Motion for a Default Judgment

28  against Defendant Hunter Moore. Unless otherwise stated, I have personal knowledge of the

DECLARATION OF LINDA S. MCALEER
IN SUPPORT OF MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANTS    - 1 -

facts set forth below and, and if called upon to testify as a witness, could and would competently testify thereto.

3.      Plaintiff filed the Complaint in this action on October 26, 2012.  Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' October 26, 2012 Complaint.

4.      This action was brought because of Defendant used Plaintiffs' name and likeness in commerce in connection with two images and a salacious video.  Defendant made false and misleading statements intended to deceive the public into believing that Plaintiff participated in, condoned, and/or authorized the publication of the video and/or is in some way affiliated with Defendant, thereby driving web traffic and increased notoriety to Defendants' illicit website. See Exhibit A to Motion for Default - true and correct copies of the still photos.

5.      On November 2, 2012, Plaintiff served the Summons and Complaint on Defendant by personal service in Philadelphia, Pennsylvania, pursuant to Fed. R. Civ. P. 4(e)(2)(A). A true and correct copy of the service of summons is attached hereto as Exhibit 2. Thereafter, all service was accomplished via email with permission of the Court and also via USPS first class mail. Proofs of such service are filed on the record of these proceedings.

6.      As Defendant failed to appear or otherwise respond to the Complaint within the time period set forth in the Federal Rules of Civil Procedure, on February 12, 2013, Plaintiff requested an entry of default against the Defendant.  Plaintiff served her request for entry of default on Defendant on February 14, 2013.  Attached hereto as Exhibit 3 are true and correct copies of Plaintiff's application for entry of default against Defendant and the proofs of service of the request for entry of default on Defendant.

7.      On February 14, 2013, the Clerk of Court entered default against Defendant and Plaintiff thereafter served the Clerk's entry of default judgment against the Defendant. Attached

DECLARATION OF LINDA S. MCALEER
IN SUPPORT OF MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANTS    - 2 -

1   hereto as Exhibit 4 are true and correct copies of the Clerk of Court's entry of default judgment

2   against Defendant.

3   Please see Exhibit 3 for the proofs of the service on the entry of default on Defendant.

4       DATED:        5/7/13                        /s/ Linda S. McAleer

5                                                   Law Offices of Linda S. McAleer
                                                    7317 El Cajon Blvd., Suite 204A
6                                                   La Mesa, CA 91942
                                                    Linda S. McAleer, Esq. SBN 249233
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LINDA S. MCALEER
IN SUPPORT OF MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANTS   - 3 -

# EXHIBIT 1

*Complaint*

Linda S. McAleer, SBN 249233
Law Offices of Linda S. McAleer
7317 El Cajon Blvd, Suite 204A
La Mesa, CA 91942
T 619-516-1601 F 866-635-1485
linda@lindamcaleer.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BRANDI PASSANTE,

        Plaintiff,

    vs.

HUNTER MOORE and JOHN DOES 1-25,

        Defendants.

Case No.: **SACV12-01866 JVS (ANx)**

PLAINTIFF'S COMPLAINT FOR:

| | |
|---|---|
| (1) | LANHAM ACT 15 USC 1125(a) FALSE DESIGNATION OF ORIGIN; |
| (2) | LANHAM ACT 15 USC 1125© DILUTION BY TARNISHMENT; |
| (3) | RIGHT TO PRIVACY/RIGHT TO CONTROL PUBLICITY AND LIKENESS AKA COMMON LAW CLAIM FOR COMMERCIAL MISAPPROPRIATION; |
| (4) | DEFAMATION *per se;* |
| (5) | INVATION OF PRIVACY; |
| (6) | COMMERCIAL DISPARAGMENT; |
| (7) | CONSUMER FRAUD; |
| (8) | FALSE LIGHT; |
| (9) | INJUNCTIVE RELIEF |

JURY DEMAND

Comes now, Plaintiff Brandi Passante ("Passante"), and files this Complaint against

Defendant Hunter Moore ("Moore") hereby seeking relief for, among other things, Lanham Act

1  violations under 15 USC 1125(a) and (c), right to privacy/right to control publicity and likeness

2  aka common law claim for commercial misappropriation, defamation *per se*, invasion of privacy,

3  disparagement, consumer fraud, and false light. Plaintiff alleges on personal knowledge as to all

4  facts known to her, and on information and belief as to all other facts, as follows:

5  **PARTIES**

6      1.   Plaintiff Passante is a celebrity known for her appearance on A&E Network's

7  *Storage Wars*. Her name and likeness are used to promote the show and A&E pays her for that

8  privilege.

9      2.   On information and belief, Defendant Moore is an individual who maintains a

10  residence in Woodland, California, and also has an address publicly listed in San Francisco,

11  California. Moore is the former operator of <isanyoneup.com> ("IAU"). After being banished by

12  Facebook for activities deemed to be in violation of Facebook's content policies, and after

13  selling the IAU domain, Moore began posting at is-anyone-up.tumblr.com. ("Tumblr").

14      3.   Moore is active on many online social media services, including Tumblr and Twitter.

15  On Twitter, Moore manages the accounts "@huntermoore," found at

16  <twitter.com/huntermoore>, and "@is_anyone_up," found at <twitter.com/is_anyone_up>.

17      4.   John Does 1-25 are individual and corporate entities who, on information and belief,

18  worked at the direction and supervision of one or more of the Defendants herein and are

19  additional responsible parties for the Federal and California claims made in this Complaint. The

20  identities of John Does 1-25 are known only by defendants at this time; such identities shall be

21  obtained during discovery. At the appropriate time, this Complaint may be amended and/or

22  supplemented to identify the John Doe defendants, and serve process upon them, as provided in

23  Federal Rules of Civil Procedure.

24

PLAINTIFF'S COMPLAINT AND JURY DEMAND      -2-

### JURISDICTION AND VENUE

5.   Subject matter jurisdiction in this Lanham Act case is proper under 28 U.S.C. §§ 1331 and 1338(a).  The State common law claims arise out of the same conduct that is the subject of the Lanham Act allegations and are therefore properly included herein as pendant claims.

6.   Venue is proper under 28 U.S.C. §1391 because Moore knew his statements at issue in this suit were directed at Passante and into Orange County and he has significant and extensive business contacts within Orange County.

7.   The Court has personal jurisdiction over Defendant. Defendant resides in this district and/or conducts and solicits business in this district. A substantial part of the events giving rise to Plaintiff's claims occurred in this district, including acts violating the Lanham Act.  The Court, therefore, has personal jurisdiction over each Defendant.

### CONDITIONS PRECEDENT

8.   All conditions precedent have been performed or have occurred.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

*Plaintiff is a Celebrity.*

9.   Passante is a regular on the A&E Network's show *Storage Wars*. As a result of her participation in the show, she has achieved notoriety and become a worldwide celebrity.

10.   Passante's name and likeness are used in promotion of the show, on marketing materials and on promotional items, such as mugs, t-shirts, hats, etc., available through A&E's distribution channels. Consequently Passante has commercial interests in her identity and she makes an effort to protect those interests.

*Plaintiff Discovers Defamatory and Offensive Web Content.*

11.   On October 14, 2012 Passante began to receive unsolicited posts on her Twitter account stating "Can't wait to see more of the video," "Love the pics," and similar references to images posted at <is-anyone-up.tumblr.com>. At that time, she did not know what videos or images the posts were referring to. See Hunter Moore Tweet attached as Exhibit A.

12.   Passante looked at the referenced website and was horrified, hurt and ashamed to see images of someone portraying her in a pornographic video and associated images.

13.   Passante never made any such video, has never had any contact with Mr. Moore and did not send him sexual images; Moore fabricated the video for the purpose of trading on Passante's fame and celebrity to draw traffic to his site.

14.   After learning of these posts, and the subsequent re-posting of the full video on one or more separate websites, Passante has experienced anxiety, loss of sleep and physical illness as a direct and proximate result of Moore's conduct.  Passante knows that such false exposure will eventually reach her children, their friends and their friends' families.

*Defendant Willfully Posted Defamatory Content to Exploit Plaintiff's Celebrity.*

15.   Moore is on record for actively defying the Lanham Act and other individuals' publicity rights, stating "I'm not a virgin to cease and desists—I get about a million a day… I don't give a fuck. I'm never going to stop" and brags that he replies to such demand letters "with a picture of [his] dick." See Gawker online article attached as Exhibit B.

16.   On or about October 14, 2012, Moore posted the images attached hereto as Exhibit C of a female whom he falsely represents is "brandie from storage wars fingering herself for me" [sic].

17. Below the images in Exhibit C, Moore asks if anyone wants the video, thereby trading on Passante's celebrity, willfully offering to disseminate the videos and photos to third parties, and disseminating defamatory content to those who requested same.

18. On or about October 16, 2012 Moore posted, or caused to be posted, the video at fleshbot.com, a site known for hosting porn and other such filth.

19. If viewers click the "play" icon to view the video, a virus immediately begins to download and would infect users' computers not protected by sophisticated anti-virus software.

20. Moore uses Passante's name and likeness to lure others to his websites in an attempt to grow his infamy, profiting from appearances, marketing and advertising on his website and to disseminate the virus contained in the fleshbot.com posting.

21. Moore profits from these activities by accepting bookings for appearances and selling "Hunter Moore" merchandise such as hats, t-shirts, and accessories featuring his name, slogans, and various images associated with his websites.

22. Moore also uses the Tumblr website to promote and sell his music both through postings and links to his band website where his recordings can be purchased.

23. Moore states on the Tumblr site that he will be posting the video at <Huntermoore.tv>.

24. Moore posted the video knowing that the images were not of Passante and did so maliciously, and with reckless disregard to Passante's reputation, privacy, and well-being. He did so with the false and fraudulent intent to mislead the public into believing he was somehow affiliated with Passante.

25. If the damaging content is not immediately removed Passante will suffer irreparable injury both personally and professionally.

**COUNT ONE:**
**(Against All Defendants)**
**Violation of the Lanham Act – 15 U.S.C. § 1125(a).**
**False Designation of Origin**

26.  Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

27.  Moore used Passante's name and likeness in commerce in connection with two images and a salacious video.

28.  Moore falsely claims the video originated with Passante and was created for him.

29.  Moore's statements were made with malice, are false, fraudulent and misleading, intended to deceive the public into believing that Passante participated in, condoned, and/or authorized the publication of the video and/or is in some way affiliated with Moore, thereby driving web traffic and increased notoriety to Moore's illicit website.

30.  The video disseminated by Moore not only contains images that disparage Passante, but also contains a virus that is released when viewers attempt to watch the video.

31.  Passante has suffered emotional, physical and psychological damage, including damage to her personal and professional reputation.

32.  As a direct and proximate result of Moore's actions, Passante has suffered damages that are incalculable.

**COUNT TWO:**
**(Against All Defendants)**
**Violation of the Lanham Act – 15 U.S.C. § 1125(c).**
**Dilution Through Tarnishment**

33.  Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

34. Passante is a famous celebrity and thusly has a protectable right to publicity. Furthermore, her image is widely recognized in association with the *Storage Wars* brand.

35. Four years after Passante achieved fame on *Storage Wars,* and as a direct consequence of her celebrity, Moore posted pornographic images (Exhibit C) and a pornographic video, attributing them to Passante.

36. The pornographic nature of the images and associated video tarnish Passante's reputation, celebrity and brand by their very nature, as they allege she has taken part in immoral, lascivious acts.

37. Moore's use of Passante's name and likeness are commercial use as they are intended to misdirect traffic to his many websites to further his infamy and lead to sales of his merchandise and music, which can be purchased through links on the websites where the images appear.

38. As a result of Moore's tarnishment to her image, Plaintiff is entitled to equitable relief in the form of injunctive relief.

### COUNT THREE
### (Against All Defendants)
### Right To Privacy/Right To Control Publicity And Likeness Aka Common Law Claim For Commercial Misappropriation

39. Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

40. By posting the still images contained in Exhibit C and claiming the female appearing in those images was Passante, Moore used Passante's identity without permission.

41. By making available for dissemination and ultimately posting the pornographic video allegedly featuring Passante, Moore used Passante's identity without permission.

1    42. Moore used the appropriation of Passante's name and likeness to his commercial

2    advantage, by misdirecting traffic to his many websites furthering his infamy and with intent to

3    increase sales of his merchandise and music, which can be purchased through links on the

4    websites where the images appear.

5    43. Passante is not the person in the video and never gave consent to the use of her name

6    or likeness.

7    44. As a result of Moore's misappropriation Passante has suffered injury both personally

8    and professionally; her damages are incalculable.

9                              **COUNT FOUR:**
                            **(Against All Defendants)**
10                          **Defamation** *per se*

11   45. Plaintiff re-alleges and incorporates by reference all of the factual allegations set

12   forth above.

13   46. Moore intentionally posted the illicit still images and pornographic video stating as

14   "fact" that they featured Passante knowing that the statements were false, and that Passante was

15   not in fact the female appearing in the video and images.

16   47. By publishing false and libelous statements associated with the images and video,

17   Defendant has defamed Plaintiff in direct violation of California law.

18   48. Moore's statements are false and do not constitute qualified communications that are

19   privileged under California law.

20   49. Due to the pornographic nature of the video and images, Moore's statements have a

21   natural tendency to injure and cause special damage.

22   50. Because Moore's videos and images allege salacious, sexual acts constituting moral

23   turpitude, they are per se defamatory.

24

51. As a direct and proximate result of Moore's actions, Passante has suffered incalculable damages and irreparable harm.

## COUNT FIVE:
### (Against All Defendants)
### Invasion of Privacy

52. Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

53. By posting a pornographic video and still images falsely attributed to Passante, Moore has intruded upon the most private area of one's life – sexual congress and behavior. The acts portrayed in the video, falsely represented to be Passante, are inherently of a private nature which Passante herself would not have created or shared publicly.

54. Pornography by its very nature is highly offensive to a reasonable person.

55. As a direct and proximate result of Moore's actions, Passante has suffered incalculable damages and irreparable harm.

## COUNT SIX:
### (Against All Defendants)
### Disparagement

56. Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

57. By posting a pornographic video and images falsely attributed to Passante, Moore intentionally disparaged of the quality of Passante's right to publicity.

58. Moore's actions have resulted in pecuniary loss to Passante, including but not limited to legal fees.

59. As a direct and proximate result of Moore's actions, Passante has suffered incalculable damages and irreparable harm.

**COUNT SEVEN:**
**(Against All Defendants)**
**Consumer Fraud**

60. Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

61. Moore misrepresented a material fact consisting of the false representation that the female appearing in the images and video posted on his websites was in fact Passante.

62. Moore knew that his claims were false.

63. Moore's false statements are intended to deceive the public into believing that Passante participated in, condoned, and/or authorized the publication of the video or is in some way affiliated with Moore, thereby bringing web traffic and increased notoriety to Moore's illicit web site.

64. Followers of Moore justifiably rely on the misrepresentation; the viewers accept the representation as made and are led to believe that they are seeing images of a well-known celebrity.

65. The false claims result in damage because of the spread of the computer virus which downloads when individuals lured to the website click on the play icon.

66. As a direct and proximate result of Moore's actions, Passante has suffered incalculable damages and irreparable harm.

**COUNT EIGHT:**
**(Against All Defendants)**
**False Light**

67. Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

68. By posting a pornographic video and images falsely attributed to Passante, Moore placed Passante before the public in a false light.

69. The pornographic images are highly offensive to a reasonable person.

70. In so doing, Moore acted with actual malice, gross negligence, and reckless disregard as to the falsity of the publicized matter and the false light in which it portrayed Passante.

71. As a direct and proximate result of Moore's actions, Passante has suffered incalculable damages and irreparable harm.

**COUNT NINE:**
**Against all Defendants**
**Injunctive Relief**

72. Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

73. Moore's wrongful conduct described above, unless and until enjoined and restrained by order of this Court, will continue to cause great and irreparable injury to Passante in that such conduct, among other things, may result in permanent damage to her reputation and jeopardize her standing and goodwill with her existing and future producers, directors and broadcasting networks.

74. Plaintiff has no adequate remedy at law for many of the injuries that are threatened in that it will be impossible for Plaintiff to determine the precise amount of damages she will suffer if said conduct is not restrained.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

75. Plaintiff re-alleges and incorporates by reference all of the factual allegations set forth above.

76. Moore's false statements are intended to deceive the public into believing that Passante participated in, condoned, and/or authorized the publication of the video or is in some

1  way affiliated with Moore, thereby bringing web traffic and increased notoriety to Moore's illicit

2  web site.

3      77.  Passante is likely to succeed on the merits.

4      78.  Passante faces imminent harm as Moore has a long history of posting illegal,

5  immoral content, and a blatant, widely publicized refusal to remove that content, even in the face

6  of cease and desist letters, take down demands, and lawsuits. Because it is electronic media, if

7  Moore is forced to shut down one website, he will in all likelihood subsequently establish more

8  new websites. By issuing an order requiring him to remove the content currently online, and

9  enjoining him from further publication of the video and images, any new publication will

10  constitute contempt of court.

11      79.  Moore's actions will continue to cause great and irreparable injury to Passante in

12  that such conduct, among other things, may result in permanent damage to her reputation and

13  jeopardize her standing and goodwill with her existing and future producers, directors and

14  broadcasting networks.

15      80.  The harm to Passante in particular due to the damage to her reputation, and to the

16  public in general as a consequence of the computer virus, far outweighs any harm that may result

17  to Moore, if the TRO issues. If the TRO does not issue Passante will be irreparably harmed

18  because she cannot be made whole through monetary damages.

19      81.  The public interest weighs in favor of Passante.

20      82.  Passante seeks the following relief in a temporary restraining order:

21          a.  An order requiring immediate removal of the images and video from all

22          websites under the control of Moore.

23          b.  An order enjoining all publication, advertising, marketing, displaying and

24          otherwise disseminating of the images, video, and the associated virus.

c.   Plaintiff further requests that the Court order  impoundment of all of

Moore's computers, servers and other electronic storage devices that contain

copies of the images and videos, where such impoundment is enforced by the

United States Marshal's offices and the materials stored in a secure location.

Plaintiff is ready and able to provide and pay for a secure location for the

impoundment of these materials.  Impoundment is a remedy specifically

provided in copyright infringement actions and should be extended to cover

cases where the conduct involves publication of images that infringe a celebrity's

right of publicity.

**APPLICATION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS**

83.  For the reasons provided above and incorporated herein by reference, a preliminary

injunction is necessary because Moore has a long history of posting illegal, immoral content, and

a blatant, widely publicized refusal to remove the content, even in the face of cease and desist

letters, take down demands, and law suits.

84.  In fact, Moore's infamy is premised on his revenge posts.

85.  Moore has historically created new websites and re-posted illegal content after being

compelled to remove damaging content. To wit, after being banished from Facebook Moore

simply began posting on Tumblr and continues to attempt to create new, uniquely named

Facebook pages.

86.  Moore's penchant for posting revenge images and videos necessitates an injunction

preventing Moore from posting these or similar images and videos again in the future and also

preventing him from making false claims involving Passante.

87.  The virus that immediately downloads upon clicking play on the video poses a real

threat to the public which can only be prevented by enjoining access to the content.

88.  In addition to a preliminary injunction, Plaintiff further requests that the Court order impoundment of all of Moore's computers, servers and other electronic storage devices that contain copies of the images and videos, where such impoundment is enforced by the United States Marshall's offices and the materials stored in a secure location.  Plaintiff is ready and able to provide and pay for a secure location for the impoundment of these materials.  Impoundment is a remedy specifically provided in copyright infringement actions and should be extended to cover cases where the conduct involves publication of images that infringe a celebrity's right of publicity.

**JURY DEMAND**

89.  Plaintiff demands trial by jury for all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants as follows:

1.  A judgment for Lanham Act violations, violation of the Right To Privacy/Right To Control Publicity And Likeness Aka Common Law Claim For Commercial Misappropriation, Defamation Per Se, Invasion of Privacy, Disparagement, Consumer Fraud, False Light, and injunctive relief, and impoundment of all defamatory materials and destruction thereof;

2.  A judgment for all damages available to Plaintiff under Federal statutes, California statutes and the common law;

3.  A judgment awarding reasonable attorneys' fees and taxable costs for those claims qualifying for such awards under Federal and California law;

4.  A judgment impounding and destroying all of Moore's computers, servers and other

electronic storage devices that contain copies of the images and videos, where such impoundment is enforced by the United States Marshal's offices and the materials stored in a secure location or otherwise destroyed.  Plaintiff is ready and able to provide and pay for a secure location for the impoundment and/or destruction of these materials.

5. A judgment for punitive, exemplary and/or enhanced damages to the extent such damages are permitted under Federal and California law; and

6. All such other relief that this Court deems fair and just and otherwise available under Federal and California law.

Dated: October _____, 2012                          Respectfully submitted,


                                                    _____
                                                    *Linda S. McAleer*
                                                    *Attorney for Plaintiff, Brandi Passante*

# EXHIBITS

## TABLE OF CONTENTS

| EXHIBIT NO. | DESCRIPTION | PAGE NO. |
|:---:|:---|:---:|
| A | Hunter Moore Tweet | 18 |
| B | Gawker online article quoting Moore | 19 |
| C | Images taken from the offending video | 22 |

# EXHIBIT A





**Hunter Moore** @Hunermn
putting the brandi video on
huntermoore.tv you can see my
fappin tho hope thats chill



**Hunter Moore** @Hu
finally dropped the EP w/
@thefoolishways this week. free
download. all anal take over



**Hunter Moore** @hunt
anyone want the video of brandie
from storage wars fingering herself
for me > is-anyone-
up.tumblr.com/post/335927513…



**Hunter Moore** @Hu
miss you @NinaBaneeena
yfrog.com/oeeebcpj



**Sawyer Fulks** @Saw

# EXHIBIT B

TOP STORIES



THURSDAY, OCT 18, 2012

TOMORROW'S NEWS

## Facebook Declares War On Sleazy Revenge Porn Site

BY ADRIAN CHEN          DEC 8, 2011 7:04 PM

Share          Like   201

Facebook is trying to shut down IsAnyoneUp.com, a sleazy porn site built around posting the Facebook profiles of its often-unwilling subjects. But the site's owner says he's not going anywhere.

Is Anyone Up (NSFW) has capitalized on a new genre of amateur erotica: Stalker porn. It features user-submitted nude cell phone pics, along with screenshots of the subjects' real Facebook profile. Many of Is Anyone Up's models are being exposed on the site without their consent, their private sexts submitted by vengeful exes.

Unsurprisingly, Is Anyone Up has now landed in Facebook's crosshairs. On Tuesday, Facebook's lawyers sent Moore a three-page Cease & Desist letter (PDF), demanding he remove all Facebook content. "Your actions are illegal and must be stopped immediately," the letter, from Joseph P. Cutler of the law firm Perkins Coie, states. (Cutler confirmed he sent the letter on behalf of Facebook, but wouldn't comment beyond that.)

"Facebook will take whatever measure it believes are necessary to enforce its rights, maintain the quality of the site, and protect its users," Cutler writes. Good luck with that.

Like      214,871 people like this.

"I replied with a picture of my dick," Hunter Moore, Is Anyone Up's 25-year-old founder and owner told us in a phone interview. "I'm not a virgin to cease and desists—I get about a million a day. I think [Facebook] is under


RO         2.2?₄
Which Romney Son Is Creepiest?


S          ₃44₀
Ben Stein Tells Incredulous *Fox & Friends* Hosts Taxes Are Too Damn Low


O   O          ₊3₀₁
Earning Money For Ruining Your Friend's Things, When Summer Love Turns to Autumn Scorn, And Other Questionable Advice


PP    D          ₂3₀₂
Mega Millions Jackpot Winner: My Girlfriend Just Dumped Me, 'Thank God'


D    S          ₂₂,₂4₀
'Too Small for Women': Amazon Flooded With Hilarious Reviews of Binders in Wake of Debate


SO   W   O          ₅.₄₂₂
Doing Gay Porn Doesn't Make Reese Rideout Gay, But It Does Make His Wife Look Miserable


O          ₇8₇
In Most Internet Story Ever, Boy with Down Syndrome Kept Warm by Puppies After Getting Lost in Woods


D          ₉8ⁱ
Doctors Shocked by Size of Sex Toy Stuck Inside Man's Intestines for Days


R          ₅⁷₀
What Should We Re-Name Uma Thurman's Baby?


D   2012          ₉8₆ⁱ
Website Counting Down to 'October Surprise' Has the Internet Guessing [UPDATE x2]


R          ₂₅4₃
Billy Graham Bought a Whole

Exhibit B                                        -19-

10/18/12    Fa  k Declares War On Sleazy Revenge Porn Site



pressure from users to do something about me... I don't give a fuck. I'm never going to stop."

Facebook says Moore is violating some little-known policies prohibiting the publishing of Facebook profiles without their owners' written consent, and "threatening, harassing or intimidating" Facebook users. The letter demands that Moore remove all Facebook profiles and leave their users alone. Facebook has disabled Moore's personal account to keep him from using the social network as his personal porn recruiting ground, and he says they somehow instantly squash the new ones he creates to check the accuracy of submissions, even though he uses fake names and hides his IP address.

The letter comes after a spate of national publicity which included local Fox News reports and Moore's appearance on Anderson Cooper's daytime talk show, where he was confronted by people whose lives have been screwed up by his site. Moore says Is Anyone Up's traffic is now around 230,000 unique visitors a day, up from 160,000 at the time we wrote our first post about him last month.

As vile as Moore's site can be—one regular feature called "Daily Gnargoyle" makes fun of ugly submissions—it's hard to see how what Moore is doing is illegal, at least as Facebook frames it. (Kashmir Hill of Forbes has outlined the complicated legalities of Is Anyone Up.) We'd rather have Moore ruining unscrupulous sexters' lives than give Facebook's impenetrable terms-of-service the weight of law.

Then there's Mark Zuckerberg's own history of sketchily repurposing other people's pictures. In 2003, he infamously launched Facemash while still a student at Harvard. The site let users vote on female students' attractiveness, without their consent.

Zuckerberg and Moore may soon have more in common than getting rich off violating everyone else's privacy. Moore says he's launching his own social network in January, which sounds like it's going to be an advanced version of the location-based dating app Grindr, but not just for gays.

"It's going to change the game, I guess," Moore said. "It's going to bring social networking back." Right, because Moore is definitely someone you should trust with your personal information.

Contact Adrian Chen:

EMAIL THE AUTHOR    COMMENT    FACEBOOK    TWITTER

FEATURED    ALL

gawker.com/5866506/facebook-declares-war-on-sleazy-revenge-porn-site

Page in the *Wall Street Journal* to Tell You What He Thinks About Gays and Women



D S
Disney Declares Its Newest Princess Is Latina, Just So We Can All Fight About Whether Or Not She 'Looks Latina'



Always Bet on Me: Mitt Romney's Order to the Bosses of Wage Slaves



The Hagfish Strikes Again



Boy Scouts of America's 'Perversion Files' Released

This Daring Baby Elephant Rescue Will Make You Weep Like a Baby Human

Fancy Liberal Brooklyn Is Full of Hypocrites



Substitute Teacher Fired After Former Student Boasts About Affair Online, Posts Nude Photos to Prove It



Tagg Romney Wanted to Punch Obama During Tuesday's Debate



Meet the Woman Who Breastfeeds Her Dog Because She Can



Why the Violentacrez Story Isn't About Free Speech



Boston Mayor Doesn't Want Free Vibrators Distributed, Apparently Hates Female Self-Tickling

*American Horror Story: Asylum* Is Less Batshit Insane Than Its Predecessor



This Guy's Scalp Looks Like the Surface of a Brain



Who Is This Nude Woman Posing for Subway Riders in the Vienna Underground? [NSFW]



Exhibit B    -20-

10/18/12                              Fa      k Declares War On Sleazy Revenge Porn Site

Discussion now closed.


Old People Now Living in Sin Also

 I am a genius I mean...                                    08 Dec 2011 7:20 PM

I have a sneaky feeling Mr. Moore will feature in many more gawker posts to come...
                                                                    promoted by Kern_Cerned

 Kern_Cerned @I am a genius I mean...

I'm surprised it took so long. I've been really curious to see what the Gawker community thinks
of all this.

 milkythighs @Kern_Cerned

I think his haircut is played out. Even Biz freaking Stone is rocking the sides-combed-forward
and front-gelled-up look.                                           promoted by Kern_Cerned

 Kern_Cerned @milkythighs

I didn't even know that the emo/scene look was still around until I started checking the site out.



**Which Romney Son
Is Creepiest?**



Silence Noisy
Neighbors by
Transmitting Your
Music to Their
Speakers



Deadspin NBA Shit
List: Anthony
Carter, The Quiet
Sinkhole Of Despair



Six Reviewers Are
Shaken, Not Stirred,
By *007 Legends*



How Going From
Straight-Size to Plus-
Size Modeling
Changed One Model's
Career



You won't believe
who the new
*American Horror
Story* monsters are!



Why Nissan Built
Realistic Inflatable
Versions Of Its Most
Popular Cars



iPod Nano Review:
The Best MP3 Player
Ever, For Whatever
That's Worth

About   Help   Jobs   Legal   Privacy   Permissions   Advertising   Subscribe   Send a tip

Exhibit B                              - 21 -

# EXHIBIT C



Merch
My Music
Twitter
Submit
ASK
Random
Archive





THEME by MAX DAVIS

Exhibit C
http://is-anyone-up.tumblr.com/

- 22 -

10/23/2012

# EXHIBIT 2

Summons

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Brandi Passante | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )   Civil Action No.   SACV12-01866JVS (ANx) |
| Hunter Moore, and Does 1-25 | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Hunter Moore
627 Matmor
Woodland, CA 95776

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Linda McAleer, Esq.
Law Offices of Linda S. McAleer
7317 El Cajon Blvd. Ste. 204A
La Mesa, CA 91942

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   10-29-12   _____

LORI WAGERS

*Signature of Clerk or Deputy*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.  SACV12-01866JVS (ANx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    □ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    □ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    □ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    □ I returned the summons unexecuted because _____ ; or

    □ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT 3

Request for Entry of Default
Proof of Service

1  Linda S. McAleer, SBN 249233
   Law Offices of Linda S. McAleer
2  7317 El Cajon Blvd, Suite 204A
   La Mesa, CA 91942
3  T 619-516-1601 F 866-635-1485
   linda@lindamcaleer.com
4

5  Attorney for Plaintiff

6

7

8
                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA

10 BRANDI PASSANTE

11             Plaintiffs,                Case No.: SACV 12-01866-JVS(ANx)

12      vs.

13 HUNTER MOORE, AN INDIVIDUAL, AND      **REQUEST FOR ENTRY OF**
   DOES 1-25,                            **DEFAULT; DECLARATION IN**
14                                        **SUPPORT THEREOF**
               Defendants.
15

16

17      Plaintiff Brandi Passante ("Plaintiff") hereby requests that the Clerk of the

18 above-entitled Court enter default in this matter against Hunter Moore, an individual

19 ("Defendant"), on the grounds that Defendant has failed to appear or otherwise

20 respond to the Complaint in this action within the time proscribed by the Federal

   Rules of Civil Procedure.
21
        Defendant was served with summons and complaint on or about November 2,
22 2012.

23      Proof of service on Defendant was previously filed with the Court on or about

24 November 6, 2012.

                                   -1-

1    The above stated facts are set forth in the accompanying declaration of Linda

2    S. McAleer, filed herewith.

3

4    Dated: February 12, 2013                    Respectfully submitted,

5

6

7                                               Linda S. McAleer
                                                *Attorney for Plaintiff, Brandi Passante*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

-2-

### DECLARATION OF LINDA MCALEER

I, Linda McAleer, declare as follows:

1.     I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Central District of California. I am the attorney for Plaintiff Brandi Passante in an action styled Passante v. Moore, case number SACV 12-01866-JVS(ANx)

2.     I make this Declaration in support of Plaintiff's request that the Court Clerk enter default in this matter against Defendant Hunter Moore, an individual. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

3.     I am informed and believe that, on or about November 2, 2012, Defendant was served with Summons and Complaint.

4.     I am informed and believe that the Proof of Service on Defendant was previously filed with the court on or about November 6, 2012.

5.     I am informed and believe that Defendant has not responded or appeared to the Court in any manner.

6.     On or about January 23, 2013, the Court issued an Order to Show Cause ("OSC"), which required either an Answer or Request for Entry of Default to be filed on or before February 13, 2013.

7.     I am informed and believe that counsel for Defendant first contacted my office on or about January 31, 2013. The Parties thereafter discussed meaningful settlement discussions and will continue working towards resolving this matter.

- 3 -
REQUEST FOR ENTRY OF DEFAULT; DECLARATION IN SUPPORT THEREOF

8.      I am unaware of any answer that has been accepted by the Court and I have confirmed this using PACER on February 11, 2013. Therefore, Plaintiff requests entry of default against defendant Hunter Moore.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed this 12 February, 2013, at La Mesa, California,


_____
Linda McAleer
*Attorney for Plaintiff, Brandi Passante*

- 4 -
REQUEST FOR ENTRY OF DEFAULT; DECLARATION IN SUPPORT THEREOF

1 | Linda S. McAleer, SBN 249233
Law Offices of Linda S. McAleer
2 | 7317 El Cajon Blvd, Suite 204A
La Mesa, CA 91942
3 | T 619-516-1601 F 866-635-1485
linda@lindamcaleer.com
4 |

5 | Attorney for Plaintiff

6 |

7 |

8 |

                    UNITED STATES DISTRICT COURT
9 |                 CENTRAL DISTRICT OF CALIFORNIA

10 | BRANDI PASSANTE

11 |              Plaintiffs,            Case No.: SACV 12-01866-JVS(ANx)

12 |      vs.

13 | HUNTER MOORE, AN INDIVIDUAL, AND    **CERTIFICATE OF SERVICE**
DOES 1-25,
14 |

15 |              Defendants.

16 |

17 |      This certifies that Plaintiff's Request for Entry of Default, and the Default by Clerk have

18 | been served on Defendant Hunter Moore as noted below:

19 |

20 |

21 | \\\

22 | \\\

23 | \\\

24 |

-1-

1  Hunter Moore
   627 Matmor
2  Woodland, CA 95776                    Date of Service:  _____2/14/2013_____
   and via email to bookhuntermoore@gmail.com
3  and sorrymother@gmail.com
   and desolemere@gmail.com
4

5  Evan H. Nass, Esq.
   Nass & Roper Law, LLP
6  14 Penn Plaza, Suite 2004              Date of Service:  _____2/14/2013_____
   New York, NY 10122
7  and via enass@nassroperlaw.com

8

9

10                                Executed on  _14 February_, 2013 at _La Mesa, CA_

11

12                                 _____
                                   Linda S. McAleer, Attorney for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

-2-

# EXHIBIT 4

Clerk of Court's Entry of
Default Judgment

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Brandi Passante | CASE NUMBER |
|---|---|
| | SA12-CV-01866-JVS(ANx) |
| PLAINTIFF(S) | |
| v. | |
| Hunter Moore et al | **DEFAULT BY CLERK** |
| | **F.R.Civ.P. 55(a)** |
| DEFENDANT(S). | |

It appearing from the records in the above-entitled action that summons has been served upon the defendant(s) named below, and it further appearing from the affidavit of counsel for Plaintiff, and other evidence as required by F.R.Civ.P. 55(a), that each of the below defendants have failed to plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure:

Now, therefore, on request of counsel, the DEFAULT of each of the following named defendant(s) is hereby entered:

Hunter Moore

Clerk, U. S. District Court

2/14/2013

Date

By  R. La Chapelle

Deputy Clerk

CV-37 (10/01)                    DEFAULT BY CLERK F.R.Civ.P. 55(a)