UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1866 JVS (ANx) | Date | June 14, 2013 |
| Title | Brandi Passante v. Hunter Moore, et al. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Ellen N. Matheson for Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers)   **Order re Motion for Default Judgment**

Plaintiff Brandi Passante ("Plaintiff") moves this Court for default judgment against Defendant Hunter Moore ("Moore"). (Mot., Docket No. 37.) Default has been entered against Defendant. (Docket No. 32.) As set forth herein, the Court GRANTS the motion in part and DENIES it in part. Although Plaintiff has established liability, she has failed to establish entitlement to damages she seeks.

**I.     Background**

Plaintiff is a celebrity known for her appearance on A&E Network's "Storage Wars." (Compl. ¶ 1, Docket No. 1.) Because of her participation on the show, she has received notoriety and become a worldwide celebrity. (Id. ¶ 9.) Plaintiff's name and likeness are used in the promotion and marketing of the show. (Id. ¶ 10.) Defendant is the operator of the website isanyoneup.tumblr.com. (Id. ¶ 2.)

On October 14, 2012, Defendant posted images of a female who he falsely represented as "brandie from storage wars fingering herself for me [sic]," asking if anyone wanted the video. (Id. ¶¶ 16–17 & Ex. A, C.) That same day, Plaintiff began to receive unsolicited posts on her Twitter account stating "Can't wait to see more of the video," "Love the pics," and similar references to images posted at isanyoneup.tumblr.com. (Id. ¶ 11.) Plaintiff was unaware what videos or images the posts were referring to. (Id.) She then viewed the referenced website, which contained images of a female portraying Plaintiff in a pornographic video and associated images. (Id. ¶ 12.) Plaintiff never made any such video, never had any contact with Defendant, and did not send him sexual images. (Id. ¶ 13.) On October 16, 2012, Defendant posted the video at fleshbot.com, a website known for hosting porn. (Id. ¶ 18.) If viewers click the "play" icon to view the video, viewers received a virus on their computers. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1866 JVS (ANx) | Date | June 14, 2013 |
|---|---|---|---|
| Title | Brandi Passante v. Hunter Moore, et al. | | |

As a result of Defendant's Internet posts, Plaintiff has experienced anxiety, loss of sleep, and physical illness. (Id. ¶ 14.) She alleges that Defendant uses her name and likeness to lure others to his website, and make profits by accepting bookings for appearances and selling merchandise featuring his name, slogans, and various images associated with his website. (Id. ¶ 20–21.) He also uses his website to promote and sell his music. (Id. ¶ 22.) Moreover, Defendant has stated that he receives "about a million" cease and desist letters but states that "I don't give a fuck. I'm never going to stop." (Id. ¶ 15.) Consequently, on the facts alleged, Plaintiff sued Defendant for violations of (1) false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); (2) dilution under the Lanham Act, 15 U.S.C. § 1125(c); (3) commercial misappropriation of likeness; (4) defamation; (5) false light invasion of privacy; (6) disparagement; (7) consumer fraud; and (8) injunctive relief. (See id.)

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 55(b)(2), a "party may apply to the court for a default judgment." Granting a motion for default judgment pursuant to Rule 55(b)(2) is within the discretion of the court. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); see also Manuel v. Thomas, 967 F.2d 588 (9th Cir. 1992). The court will consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel, 782 F.2d at 1471–72.

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).

**III.     Discussion**

The Court begins by noting that all the required elements for the entry of a default judgment pursuant to Local Rule 55-1 are satisfied in this case: (1) the Clerk of Court entered default against Defendant on February 14, 2013 (Docket No. 32); (2) Defendant failed to respond to the complaint in a timely manner (McAleer Decl. ¶ 8); (3) there is no evidence suggesting any Defendant is a minor, an incompetent person, or a servicemember; and (4) Plaintiff has provided Defendant with notice of this motion (Docket No. 39).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1866 JVS (ANx) | Date | June 14, 2013 |
| Title | Brandi Passante v. Hunter Moore, et al. | | |

The Court also finds that all the Eitel factors favor entry of the requested default judgment save the preference for a decision on the merits. See Eitel, 782 F.2d at 1471–72.

Next, the Court examines whether factual allegations in the Complaint sustain liability for Plaintiff's claims against Defendant for (1) false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); (2) dilution under Lanham Act § 1125(c); (3) commercial misappropriation of likeness; (4) defamation; (5) false light invasion of privacy; (6) disparagement; and (7) consumer fraud. The Court then discusses the relief sought.

### A. False Designation of Origin, Lanham Act, 15 U.S.C. § 1125(a)

A false designation of origin claim under Lanham Act, 15 U.S.C. § 1125(a) provides that

> any person who, or in connection with any goods or services, uses any . . . false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

In celebrity cases, the appropriate factors to consider in determining whether there exists a likelihood of confusion is (1) the level of recognition that the plaintiff has among the segment of society for whom the defendant's product is intended; (2) the relatedness of the fame or success of the plaintiff to defendant's product; (3) the similarity of likeness used by the defendant to the actual plaintiff; (4) evidence of actual confusion; (5) the marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent on selecting the plaintiff; and (8) the likelihood of expansion of the product lines. Downing v. Abercrombie & Fitch, 265 F.3d 994, 1007–08 (9th Cir. 2001).

Plaintiff has stated a claim under Lanham Act § 1125(a). She alleges that she is a worldwide celebrity because of her appearances on "Storage Wars." (Id. ¶ 9.) Those who viewed the images or video posted by Defendant were confused and believed that they depicted Plaintiff. (Id. ¶ 11.) Defendant used various Internet websites to showcase the video and took advantage of Plaintiff's name to promote and market his own brand for commercial gain. (Id. ¶¶ 20–22.) Plaintiff alleges that she has been damaged by Defendant's acts. (Id. ¶ 14.) Therefore, Defendant is liable for false designation of origin under the Lanham Act.

### B. Dilution, Lanham Act, 15 U.S.C. § 1125(c)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-1866 JVS (ANx) | Date | June 14, 2013 |
|---|---|---|---|
| Title | Brandi Passante v. Hunter Moore, et al. | | |

In order to prove a dilution claim under 15 U.S.C. § 1125(c), a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment. Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2007).

The Court finds that Plaintiff states a claim for trademark dilution under § 1125(c) by alleging that (1) her mark is "famous"; (2) Defendant is using that mark commercially; (3) Defendant's use of the mark commenced after Plaintiff became famous; and (4) Defendant's use of Plaintiff's mark tarnishes her reputation, celebrity, and brand because the images and video depict Plaintiff as performing immoral, lascivious acts. (Compl. ¶¶ 34–37.) Accordingly, Defendant is liable for federal trademark dilution.

C. **Commercial Misappropriation of Likeness**

Plaintiff alleges a violation of California Civil Code § 3344. California provides both a statutory and common law right of publicity claim. To establish a claim under the common law, a plaintiff must prove: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." Eastwood v. Superior Court, 149 Cal. App. 3d 409, 416 (1983). Under California Civil Code § 3344, any person who knowingly uses another's likeness for purposes of advertising without that person's consent is liable for any damages sustained by that person. A plaintiff must still prove all the elements of the common law claim to succeed. See Downing, 265 F.3d at 1001.

Plaintiff has sufficiently stated a claim for commercial misappropriation of likeness. Defendant used Plaintiff's name and identity to his commercial advantage without her consent, which resulted in injury to Plaintiff. Therefore, Defendant is liable for commercial misappropriation of likeness under California Civil Code § 3344.

D. **Defamation**

The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes a special damage. Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1369 (2010). A statement can be defamatory per se if it "is defamatory of the plaintiff without the necessity of explanatory matter." Barnes-Hind, Inc. v. Superior Court, 181 Cal. App. 3d 377, 382 (1986) (quoting Cal. Civ. Code § 45a).

Plaintiff has sufficiently stated a claim for defamation because Defendant (1) published

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1866 JVS (ANx) | Date | June 14, 2013 |
| Title | Brandi Passante v. Hunter Moore, et al. | | |

images and video (2) falsely representing that they depicted Plaintiff, which were (3) defamatory, (4) unprivileged, and (5) per se defamatory because the pornographic nature of the video and images. (Compl. ¶¶ 45–51.) Accordingly, Defendant is liable for defamation.

### E. False Light Invasion of Privacy

In California, the elements of the tort of false light invasion of privacy are (1) the defendant caused to be generated publicity of the plaintiff that was false or misleading; (2) the publicity was offensive to a reasonable person; and (3) the defendant acted with actual malice. Fellows v. Nat'l Enquirer, Inc., 42 Cal. 3d 234, 238–39 (1986); Readers Digest Ass'n v. Superior Court of Marin Cnty., 27 Cal. 3d 244, 265 (1984).

Plaintiff has alleged a claim for false light invasion of privacy because she alleges that (1) Defendant posted the pornographic video and images falsely attributing them to her; (2) the images are highly offensive to a reasonable person; and (3) he acted with actual malice, gross negligence, and reckless disregard as to the falsity of the publicized matter and the false light in which it portrayed Plaintiff. **(**Compl. ¶¶ 67–71.) Accordingly, Defendant is liable for a false light invasion of privacy violation.

### F. Disparagement

Although Plaintiff alleges "disparagement," the cause of action is known as "trade libel." Trade libel is defined as "the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner." ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1010 (2001). The elements of a trade libel claim are (1) publication of a statement that disparages the quality of the plaintiff's product; (2) the offending statement was couched as fact, not opinion; (3) the statement was false; (4) the statement was made with malice; and (5) the statement resulted in pecuniary loss. Optinrealbig.com, LLC v. Ironport Sys., Inc., 323 F. Supp. 2d 1037, 1048 (N.D. Cal. 2004) (citing Guess, Inc. v. Superior Court, 176 Cal. App. 3d 473, 479 (1986)).

Plaintiff has sufficiently stated a claim for trade libel because (1) Defendant disparaged the quality of Plaintiff's name; (2) the statement made was couched as fact; (3) the statement was false; (4) Defendant acted with malice; and (5) the statement resulted in pecuniary loss to Plaintiff. (Compl. ¶¶ 56–58.) Accordingly, Defendant is liable for trade libel.

### G. Consumer Fraud

Although Plaintiff alleges a claim for "consumer fraud," she recites the elements for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1866 JVS (ANx) | Date | June 14, 2013 |
| Title | Brandi Passante v. Hunter Moore, et al. | | |

common law fraud.  The essential elements of fraud include "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."  Vess v. Ciba-Geigy Corp. USA, 317 D.3d 1097, 1105–06 (9th Cir. 2003).  Plaintiff alleges that Defendant committed fraud because he knowingly made a false representation that the female appearing in the images and video were Plaintiff; Defendant intended to deceive the public into believing that Plaintiff participated in the video; viewers justifiably relied on the misrepresentation; and the false claims resulted in damages to the viewers in the form of a computer virus, and damages to Plaintiff.  (Compl. ¶¶ 60–66.)  Accordingly, Defendant is liable for common law fraud.

### H.    Relief

Plaintiff seeks (1) injunctive relief; (2) monetary damages; and (3) attorneys' fees.  Specifically, Plaintiff seeks a permanent injunction enjoining Defendant from distributing the material or similar material.  (Mot. Br. 13.)  Plaintiff also seeks damages in the amount of $2,500,000.00, and attorneys' fees and costs to be made in a separate application.  (Id. at 13–17.)

#### 1.    Permanent Injunction

The standard for determining whether a permanent injunction should be granted is "essentially the same as the standard for a preliminary injunction, except that the court determines the plaintiff's success on the merits rather than the plaintiff's likelihood of success on the merits."  Amoco Prod. Co. v. Village of Gambell, Alaska, 480 U.S. 531, 546 n.12 (1987); see Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (preliminary injunction factors).  To obtain a permanent injunction, a plaintiff "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

Plaintiff's complaint supports an award of a permanent injunction based on those factors.  An irreparable injury will likely be suffered if Defendant is allowed to continue infringing on Plaintiff's name because of the damage to her reputation, standing, and goodwill with her existing and future producers, directors, and broadcasting networks. (Compl. ¶ 73.)  Monetary damages would be inadequate and the precise amount of damages will be indeterminable.  (Id. ¶ 74.) The balance of hardships favors Plaintiff because of the reputational damage she will face, while Defendant will not be harmed if he is enjoined from disseminating the false pornographic material.  The public interest would not be disserved by a permanent injunction.  Thus, a permanent injunction is justified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1866 JVS (ANx) | Date | June 14, 2013 |
| Title | Brandi Passante v. Hunter Moore, et al. | | |

    2.    Monetary Damages

First, Plaintiff seeks damages for violations of the Lanham Act based on Defendant's willful infringement of Plaintiff's mark. She seeks "actual damages" in the amount of $1,250,000.00 and "exemplary damages" in the amount of $1,250.000.00. (Mot. Br. 15.) Under 15 U.S.C. § 1117(a), for any trademark infringement violation under § 1125(a) or willful violation under § 1125(c), a plaintiff is entitled to "any damages sustained by the plaintiff." However, Plaintiff provides absolutely no support for this calculation of damages. Because the Court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence, Geddes, 559 F.2d at 560, it does not award the unsupported damages amount requested by Plaintiff.

Alternatively, Plaintiff seeks $1,250,000.00 in "actual damages" and $1,250,000.00 in "compensatory damages" for her defamation per se claim. (Mot. Br. 16.) Again, Plaintiff provides no support for this award amount. Accordingly, the Court cannot award the amount of damages requested.

Lastly, Plaintiff seeks statutory damages under California Civil Code § 3344 for Defendant's violation of commercial misappropriation of likeness. (Mot. Br. 15.) Section 3344 provides that "the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered." Cal. Civ. Code § 3344. Plaintiff asks for $5,250.00 in statutory damages because "Defendant posted two infringing images on at least three different sites and the video on one known site." (Mot. Br. 15.) However, in Miller v. Collectors Universe, Inc., 159 Cal. App. 4th 988, 1006–08 (2008), the California Court of Appeals concluded that section 3344 awards only a single statutory damage award of $750 despite the number of times a name or likeness was actually used. The court reasoned that this was because the statute applies to causes of action, not "separate wrongs." Id. at 1006. Thus, the Court is limited to awarding statutory damages in the amount of $750.00 for Defendant's violation of California Civil Code § 3344.

Accordingly, although Plaintiff has proved Defendant's liability, the Court does not award the full amount of monetary damages requested by Plaintiff because of a lack of evidentiary support. The Court does award statutory damages in the amount of $750.00. Plaintiff may submit a renewed application for damages supported by affidavits and declarations. See L.R. 55-2.

    3.    Attorneys' Fees

Plaintiff seeks attorneys' fees pursuant to 15 U.S.C. § 1117(a). (Mot. Br. 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1866 JVS (ANx) | Date | June 14, 2013 |
| Title | Brandi Passante v. Hunter Moore, et al. | | |

Defendant's conduct prior to and following the entry of the preliminary injunction renders this case exceptional. He discontinued his scofflaw ways only after the Court issued a bench warrant to compel his compliance with the preliminary injunction. The Court agrees that Plaintiff is entitled to reasonable attorneys' fees and costs under the Lanham Act based on Defendant's trademark infringement. Alternatively, Plaintiff may seek attorneys' fees under California Civil Code § 3344.

Plaintiff shall submit an application for attorneys' fees and costs with billing records documenting the hours expended working on this action for the Court to determine the reasonableness of the award sought.

**IV.     Conclusion**

For the foregoing reasons, the Court:

1. Grants default judgment with respect to liability;

2. Declines to award actual damages;

3. Awards statutory damages of $750.00;

4. Awards a permanent injunction against Defendant ordering him to remove any remaining and undisclosed content of the video from all websites and restraining Defendant from disseminating the content of the video.

Plaintiff may submit a renewed application for actual damages and an application for attorneys' fees and costs within 30 days from the entry of this Order.

IT IS SO ORDERED.

|  |  : | 00 |
|---|---|---|
| Initials of Preparer | enm | |